# EXHIBIT B

**Perquisites.** Consistent with our pay-for-performance philosophy, we limit executive perquisites. Any NEO who receives a perquisite is individually responsible for any associated taxes.

The Compensation/Succession Committee allows our Chairman and CEO to have access to company aircraft for personal use for security and efficiency reasons. See the notes to the Summary Compensation Table for a description of other perquisites provided to the NEOs.

# Compensation Policies and Governance

## EXECUTIVE STOCK OWNERSHIP

The Board of Directors believes it is important for each member of senior management to maintain a significant ownership position in shares of ADM's common stock to further align their interests with the interests of our stockholders. Accordingly, we require each member of senior management to own shares of common stock with a fair market value ranging from one to six times the individual's base salary. Executives may not sell any company securities until the applicable guideline is met. As shown below, each of our NEOs exceeds the applicable ownership guideline by a comfortable margin.

| Executive | Ownership Guideline as a Multiple of Salary | Actual Ownership as of March 16, 2020 |
|---|---|---|
| J. R. Luciano | 6.0x | 23.6x |
| R. G. Young | 3.0x | 15.4x |
| V. F. Macciocchi | 3.0x | 7.4x |
| G. A. Morris | 3.0x | 9.0x |
| J. D. Taets | 3.0x | 10.3x |

## TIMING OF GRANTS

The Compensation/Succession Committee approves all equity awards to NEOs at a meeting during the first quarter of each fiscal year, and awards are issued promptly thereafter. There is no attempt to time these grants in relation to the release of material, non-public information. Under the 2009 Incentive Compensation Plan, fair market value is the closing market price of ADM's common stock on the last trading day prior to the date of grant. In addition to annual awards, NEOs may receive awards when they join the company or change their job status, including promotions.

## CLAWBACK PROVISIONS

We include clawback provisions in the company's long-term incentive award agreements that provide us with the ability to recover this compensation for a broad range of reasons. Specifically, this policy provides for the recoupment of any cash or equity incentive awards made to NEOs and certain other members of senior management for a period of three years from the vesting date in the event of a financial restatement or ethical misconduct. In 2015 and in 2017, we added language to our equity awards to incorporate post-vesting non-competition and non-solicitation restrictions. Any violation of these provisions could be cause for the company to initiate a clawback

proceeding. Our aggressive approach to recoupment of long-term incentive compensation reflects the company's commitment to protecting stockholder value.

## PROHIBITION ON INSIDER TRADING AND HEDGING

Pursuant to ADM's Insider Trading Policy, employees and directors may not engage in short selling, speculative trading, or hedging transactions involving the company's stock, including writing or trading in options, warrants, puts and calls, prepaid variable forward contracts, or equity swaps or collars; or enter into other transactions that are designed to hedge or offset decreases in the price of the company's securities. In addition, employees and directors are required to review any pledge of company securities with ADM's General Counsel before committing to a pledge transaction.

Our Insider Trading Policy also provides that all transactions in ADM securities by directors, NEOs, and certain other officers and employees must be pre-cleared by the law department.

## SECTION 162(M) OF THE INTERNAL REVENUE CODE EFFECTS ON THE COMPANY

Section 162(m) of the Internal Revenue Code precludes the company from taking a federal income tax deduction for compensation paid in