**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAYMOND CHOW, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-00634 |
| Plaintiff, | District Judge Thomas M. Durkin |
| vs. | |
| ARCHER-DANIELS-MIDLAND COMPANY, et al., | |
| Defendants. | |

**DEFENDANT RAY YOUNG'S REPLY MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

-i-

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 1

    I.      PLAINTIFFS' CLAIM UNDER RULE 10b-5 SHOULD BE
             DISMISSED ................................................................................................. 1

          A.      Plaintiffs' Reliance on Mr. Young's Stock Sales (Far from Unusual
                  or Suspicious) to Establish Scienter Does Not and Cannot Satisfy
                  the PSLRA .................................................................................... 2

          B.      Mr. Young's Post-Class Period Conduct Totally Unrelated to
                  ADM Cannot Support an Inference of Scienter ...................................... 2

    II.     PLAINTIFFS' CLAIMS UNDER SECTIONS 20(a) AND 20A OF THE
             EXCHANGE ACT SHOULD BE DISMISSED. ................................................. 2

CONCLUSION ................................................................................................................... 4

-ii-

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Arbitrage Event-Driven Fund v. Trib. Media Co.*,
No. 18 C 6175, 2020 WL 60186 (N.D. Ill. Jan. 7, 2020),
*aff'd sub nom. Water Island Event-Driven Fund, LLC v. Trib. Media Co.*,
39 F.4th 402 (7th Cir. 2022) ....................................................................................................... 3

*Davis v. SPSS, Inc.*,
385 F. Supp. 2d 697 (N.D. Ill. 2005) ......................................................................................... 2

*Pugh v. Trib. Co.*,
521 F.3d 686 (7th Cir. 2008) ...................................................................................................... 2

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007) .................................................................................................................... 2

*Thomas v. Magnachip Semiconductor Corp.*,
167 F. Supp. 3d 1029 (N.D. Cal. 2016) ...................................................................................... 3

STATUTES

Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ............................................................ 1

Securities Exchange Act of 1934 ................................................................................................. 1, 2, 3

**INTRODUCTION**

Plaintiffs' Opposition to Defendants' Motions to Dismiss[1] is merely a repackaged version of insufficiently pled allegations from the Complaint.[2] Plaintiffs cannot meet the high pleading standard for securities fraud claims required under the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4, as discussed further in the Reply Memorandum of Law in Support of Archer-Daniels-Midland Company's ("ADM" or the "Company") and Juan Luciano's Motion to Dismiss (ECF No. 92). Ray Young joins in and incorporates by reference ADM's and Juan Luciano's reply.

As to Mr. Young, ADM's former Chief Financial Officer ("CFO") who retired[3] from the Company in December 2022, Compl. ¶¶ 1, 29, Plaintiffs' Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") claims in Count I fail given Plaintiffs' inability to properly allege scienter as to Mr. Young specifically at the time he made any of the alleged false and misleading statements. Because of Plaintiffs' failure to plead a violation of Section 10(b), a predicate requirement to the remaining claims, Count II for alleged control person liability and Count III for insider trading also fail as a matter of law.

**ARGUMENT**

**I.    PLAINTIFFS' CLAIM UNDER RULE 10b-5 SHOULD BE DISMISSED.**

Despite Plaintiffs' attempt to dampen the high pleading standard under the PSLRA, Plaintiffs have failed to adequately allege scienter as to Mr. Young.

---

[1] The "Opposition" or "Opp." refers to the Lead Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss, ECF No. 91.

[2] The "Complaint" or "Compl." refers to the Lead Plaintiffs' Complaint for Violations of the Federal Securities Laws, ECF No. 67.

[3] Plaintiffs allege that in this case "the CFOs were terminated" and that "the CFOs were not retained and lost their jobs." Opp. at 29, 46. It bears emphasizing that Mr. Young *retired* from ADM more than a year before the end of the class period.

**A.** **Plaintiffs' Reliance on Mr. Young's Stock Sales (Far from Unusual or Suspicious) to Establish Scienter Does Not and Cannot Satisfy the PSLRA**

Stock sales must be "unusual or suspicious" to rise to the level of scienter. *Pugh v. Trib. Co.*, 521 F.3d 686, 695 (7th Cir. 2008). Despite Plaintiffs' contention that Mr. Young "misses the point" (Opp. at 33 n.18), what Plaintiffs miss is that Mr. Young not selling stock for four years was not unusual or suspicious. Plaintiffs cite to *Davis* to point out that had the defendant in that case *never* sold stock it *could* have relevance to the scienter argument. Opp. at 33; *Davis v. SPSS, Inc.*, 385 F. Supp. 2d 697, 714 (N.D. Ill. 2005). Here, Plaintiffs have not alleged that Mr. Young had never sold stock. Instead, his stock holdings overall significantly increased as a multiple of his salary during the relevant period. Defendant Ray Young's Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Complaint ("Young Mem. in Support of Mot. to Dismiss"), ECF No. 82, at 9-10. Nothing about Mr. Young's stock activity suggests scienter.

**B.** **Mr. Young's Post-Class Period Conduct Totally Unrelated to ADM Cannot Support an Inference of Scienter**

Plaintiffs grasp at straws when *repeatedly* stating that Mr. Young's departure from the boards of directors of three companies establishes scienter. The allegations have no relationship to ADM and are outside the class period. Compl. ¶¶ 17, 81, 186-87, 248, 307-08; Opp. at 1, 11, 43, 45. The disconnect between Mr. Young's post-class period actions and Plaintiffs' allegations is palpable. Plaintiffs fail to provide a cogent argument as to why Mr. Young's post-class period departures unrelated to ADM raise an inference of scienter as to alleged false and misleading statements from years prior. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 310 (2007); *see* Young Mem. in Support of Mot. to Dismiss at 10. Plaintiffs have not sufficiently pled scienter with respect to Mr. Young as required under the PSLRA's stringent pleading standard, and Plaintiffs' claim under Rule 10b-5 (Count I) should be dismissed with prejudice.

**II.** **PLAINTIFFS' CLAIMS UNDER SECTIONS 20(a) AND 20A OF THE EXCHANGE ACT SHOULD BE DISMISSED.**

As Plaintiffs concede, their Section 20(a) control person liability claim requires Plaintiffs to sufficiently plead a primary violation of Section 10(b) of the Exchange Act by the allegedly

controlled person or entity. Opp. at 51. The Section 20(a) claim (Count II) should be dismissed with prejudice for Plaintiffs' failure to plead a violation of Section 10(b). Plaintiffs' insider trading claim under Section 20A of the Exchange Act also fails as it is well established that "the Plaintiffs must plead a primary offense—here under Section 10(b)—to state a claim for a predicate offense under Section 20A." *Arbitrage Event-Driven Fund v. Trib. Media Co.*, No. 18 C 6175, 2020 WL 60186, at *11 (N.D. Ill. Jan. 7, 2020), *aff'd sub nom. Water Island Event-Driven Fund, LLC v. Trib. Media Co.*, 39 F.4th 402 (7th Cir. 2022).

Plaintiffs cite to a case from the United States District Court for the Northern District of California to support and flesh out their scant argument that when scienter is sufficiently pled for a Section 10(b) claim (which Plaintiffs have not and cannot do here) then Section 20A liability is satisfied. *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1050 (N.D. Cal. 2016); Opp. at 52. The California court in *Thomas* determined, after an analysis of a split within its circuit, that "Section 20A requires only that a party know the inside information while making the trade, not that [they] actually use that information." *Thomas*, 167 F. Supp. 3d at 1050. One glaring fact in *Thomas* is the defendant company had issued a restatement of its financial results, unlike ADM which did not issue a restatement despite Plaintiffs' characterization as such. *Id.* at 1037; Compl. ¶ 249. Moreover, this overarching difference should be considered when relying on a case that is also outside of this circuit. Consequently, Plaintiffs' claim under Section 20A (Count III) should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons and those articulated in Defendant Ray Young's Memorandum of Law in Support of Motion to Dismiss, Defendant Ray Young respectfully requests that the Court grant Defendant Ray Young's Motion to Dismiss Plaintiffs' Complaint (ECF No. 81) and dismiss Plaintiffs' Complaint with prejudice and award any further and just relief the Court deems proper.

Dated: October 23, 2024

Respectfully submitted,

*/s/ Jose A. Lopez*

Jose A. Lopez
Pravin B. Rao
Katherine Pokorny
Perkins Coie LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
(312) 324-8400
jlopez@perkinscoie.com
prao@perkinscoie.com
kpokorny@perkinscoie.com

*Attorneys for Defendant Ray Young*