UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND CHOW, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:24-cv-00634 |
| | ) ) | Judge Thomas M. Durkin |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| ARCHER-DANIELS-MIDLAND COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

LEAD PLAINTIFFS' UNOPPOSED MOTION TO SUPPLEMENT THE COMPLAINT AND
SCHEDULE ADDITIONAL BRIEFING ON THE PENDING MOTIONS TO DISMISS

4902-5873-7678.v1

Lead Plaintiffs KBC Asset Management NV ("KBC"), Ethenea Independent Investors S.A. ("Ethenea"), and the National Elevator Industry Pension Fund ("NEI") (collectively, "Lead Plaintiffs") respectfully move this Court to permit Lead Plaintiffs to file the [Proposed] Supplement to Lead Plaintiffs' Complaint for Violations of the Federal Securities Laws, attached hereto as Exhibit A (the "Supplement to the Complaint"), and enter an agreed briefing schedule to address the impact of the supplemental allegations on Defendants' pending motions to dismiss. Grounds for this motion are:

1. On June 24, 2024, the Lead Plaintiffs' Complaint for Violations of the Federal Securities Laws (ECF 67) (the "Complaint") was filed. The Complaint asserts claims arising from, among other things, ADM's disclosures regarding accounting errors that resulted in the correction of prior financial results. On August 26, 2024 Defendants[1] filed four separate motions to dismiss the Complaint (ECFs 79, 81, 83, 87). On September 23, 2024, Lead Plaintiffs opposed the motions (ECF 91), and, on October 23, 2024, Defendants submitted reply briefs (ECFs 92-95). The Court has set the motions to dismiss for oral argument on March 11, 2025. ECF 98.

2. After the Complaint was filed and briefing on the motions to dismiss was complete, several events occurred which, in Lead Plaintiffs' view, are directly related to the facts and claims asserted in the pending Complaint. More specifically:

- On November 4, 2024, Defendant ADM issued a press release announcing that it would be issuing a formal restatement of the previously issued financial statements alleged to be materially false and misleading in the Complaint, as well as financial results subsequent to the Class Period alleged in the Complaint. After the release, ADM's stock price declined. *See* Ex. A, Supp. ¶¶1-5.

- On November 18, 2024, ADM filed with the U.S. Securities and Exchange Commission its Amendment No. 1 on Form 10-K/A to the 2023 10-K (the "Second Restatement"). The Second Restatement formally restated financial results the

---

[1] Defendants are Archer-Daniels-Midland Company ("ADM"), Juan Luciano, Vikram Luthar, Ray Young, and Vincent Macciocchi. Lead Plaintiffs and Defendants are referred to as the "Parties."

4902-5873-7678.v1

Complaint alleged were materially false and misleading, as well as subsequent financial results. *See id.*, Supp. ¶¶6-7.

- On December 2, 2024, *Reuters* published an article titled "Internal transactions at food giant ADM spark a sprawling criminal probe," which reported on information concerning ADM's intersegment sales and the ongoing Department of Justice investigation based on, *inter alia*, interviews with current and former ADM employees, grand jury subpoenas, and internal ADM documents. *See id.*, Supp. ¶¶8-12.

3. Lead Plaintiffs assert that these subsequent events are directly related to the pending Complaint and relevant to the arguments in the pending motions to dismiss, and therefore seek to supplement the Complaint to include this information.

4. Under Rule 15(d) of the Federal Rules of Civil Procedure, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Just terms exist in this case because supplementing the Complaint will serve the interests of justice and efficiency, as the new supplement will: (1) provide the Court with a fuller record to  evaluate the contested issues in the pending motions to dismiss; (2) expand the Class Period and serve as notice that no separate complaints need be filed to assert such claims (which sometimes occurs after subsequent events arise that are related to the pending complaint in class cases); and (3) allow the Parties to address the impact of these subsequent events on the pending motions to dismiss without mooting the pending briefing. *See, e.g.*, *In re Cassava Scis. Inc. Sec. Litig.*, 2024 WL 4916373, at *1 (W.D. Tex. June 12, 2024) (granting motion to supplement complaint to add allegations and expand the class period relating to new disclosures). This motion is timely filed as Lead Plaintiffs could not have included information relating to these subsequent events in their Complaint. The proposed supplement is attached hereto as Exhibit A.[2]

---

[2] Because the Supplement to the Complaint would expand the Class Period, it includes a new Certification by KBC, reflecting KBC transactions that occurred in the expanded Class Period. *See* Supp, ¶1

- 2 -

5.      Defendants do not oppose the request to supplement, subject to their ability to submit additional argument in support of their pending motions to dismiss regarding such allegations. Subject to the Court's approval, the Parties have agreed that this supplement can be efficiently addressed by limited additional briefing.  A similar process was approved in a recent case.  *See, e.g.*, *Ryan v. Figs, Inc.*, No. 22-cv-07939, ECF 147 (C.D. Cal. Oct. 22, 2024), attached as Ex. B (granting stipulation to permit plaintiffs to file a supplement to the operative complaint, followed by limited briefing by each party "setting forth their position as to why the Supplemental Allegations should or should not impact the Pending Motions to Dismiss").

6.      Therefore, to promote the efficient prosecution of this action and conserve judicial resources, the Parties have met and conferred, Plaintiffs request (and Defendants do not oppose) that the Court enter an Order granting Lead Plaintiffs leave to file the Supplement to the Complaint, and, if granted, the Parties request that the Court also enter the following supplemental briefing schedule:

(a)      Within ten days of an Order permitting Lead Plaintiffs leave to file the Supplement to the Complaint, Lead Plaintiffs will file the Supplement to the Complaint along with a single supplemental brief, not to exceed three pages, setting forth their position as to the impact of the supplemental allegations on the arguments within the pending motions to dismiss; and

(b)      Within 14 days thereafter, Defendants may submit a single supplemental brief, not to exceed 5 pages, responding to Lead Plaintiffs' brief and setting forth their position as to the impact of the supplemental allegations on the pending motions to dismiss.

---

& Supp. Ex. 1.  In addition, in the course of preparing this filing, counsel for KBC determined that one additional transaction from within the original Class Period should have been included in KBC's prior Certification (ECF 27-1), and the new Certification now includes this additional transaction. Accounting for the omitted transaction would have reduced the losses the Lead Plaintiffs claimed in their lead plaintiff appointment motion by less than 4%, meaning that their claimed losses were still more than 30 times greater than those claimed by any other lead plaintiff movant.  The prior Certifications submitted by Ethenea and NEI continue to reflect their transactions in ADM common stock during both the original and expanded Class Periods.

- 3 -

7.     The Parties request that the oral argument on Defendants' pending motions to dismiss remain set for March 11, 2024, and that the Court consider the supplemental allegations and briefing in ruling on those motions.

DATED:  January 22, 2025

MOTLEY RICE LLC
GREGG S. LEVIN
CHRISTOPHER F. MORIARTY
MEGHAN S.B. OLIVER
CHARLOTTE E. LOPER


/s/ Meghan S.B. Oliver
MEGHAN S.B. OLIVER

28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
glevin@motleyrice.com
cmoriarty@motleyrice.com
moliver@motleyrice.com
cloper@motleyrice.com

MOTLEY RICE LLC
WILLIAM H. NARWOLD
20 Church Street, 17th Floor
Hartford, CT  06103
Telephone:  860/882-1676
860/882-1682 (fax)
bnarwold@motleyrice.com

DATED:  January 22, 2025

ROBBINS GELLER RUDMAN
   & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
CAMERAN M. GILLIAM (IL Bar # 6332723)
MICHAEL J. STRAMAGLIA (IL Bar # 6336821)


/s/ James E. Barz
JAMES E. BARZ

- 4 -

4902-5873-7678.v1

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
cgilliam@rgrdlaw.com
mstramaglia@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
CHRISTOPHER D. STEWART
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
cstewart@rgrdlaw.com
jcaringal@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
JOHN M. McINTIRE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
jmcintire@odonoghuelaw.com


Additional Counsel

- 5 -

4902-5873-7678.v1