**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAYMOND CHOW, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 1:24-cv-00634 ) District Judge Thomas M. Durkin |
| ARCHER-DANIELS-MIDLAND COMPANY, et al., | ) ) ) |
| Defendants. | ) ) ) |

**<u>DEFENDANTS' BRIEF REGARDING THE IMPACT OF THE SUPPLEMENT TO THE
COMPLAINT ON DEFENDANTS' MOTIONS TO DISMISS</u>**

The allegations in Plaintiffs' Supplement do not move the needle on the fundamental flaw in Plaintiffs' case: there is no basis for a compelling inference of scienter against any named Defendant. The Supplement alleges that (1) after further analysis, ADM decided to restate its prior period financials, and (2) Reuters published an article about the ongoing and previously disclosed regulatory investigation into ADM's accounting of intersegment sales.[1] Plaintiffs' accompanying brief (ECF No. 106 ("Pl's Br.")) provides no way to infer scienter from either of those things, because there is none.

*First*, ADM's recent financial restatement does nothing to support that any executive knew about the incorrect accounting at the time of the alleged misstatements. Plaintiffs assert that one of Defendants' two "main arguments" against scienter is that ADM had not restated its prior period financials at the time Defendants filed their motions. (Pl's Br. at 1.) As Plaintiffs' own citation shows, that is false. To support their assertion, Plaintiffs cite to a single page of the ADM Defendants' Reply Brief in which the ADM Defendants actually said the following: "[Plaintiffs] concede that even a formal restatement of prior period financials—which did not occur here—'***does not create an inference of wrongdoing***.'" (ECF No. 92 at 5 (quoting *Davis v. SPSS, Inc.*, 385 F. Supp. 2d 697, 713 (N.D. Ill. 2005) (emphasis added).) That point remains true: whether prior period financials are corrected or formally restated, the fact of the error is not enough to show scienter. *See Chu v. Sabratek Corp.*, 100 F. Supp. 2d 827, 838 (N.D. Ill. 2000) ("A company's overstatement of earnings, revenues, or assets in violation of GAAP does not itself establish scienter.").[2]

---

[1]   All capitalized terms are given the same meaning as in the ADM Defendants' Memorandum of Law in Support of their Motion to Dismiss. (*See* ECF No. 80.)

[2]   Plaintiffs' citation to Mr. Young's Reply Brief is taken out of context too. (ECF No. 94 at 3.) Mr. Young was distinguishing Plaintiffs' reliance on a case outside this Circuit to support their claim

Instead, to plead scienter, Plaintiffs must allege facts suggesting that the high-level executive Defendants actually knew about the accounting issues that led to the restatement. They have not done so here. Plaintiffs have alleged no particularized facts to support a connection between Defendants and the application of the day-to-day accounting standards applicable to intersegment sales. *See In re Baxter Int'l Inc. Sec. Litig.*, No. 19 C 7786, 2021 WL 100457, at *14 (N.D. Ill. Jan. 12, 2021) (explaining that even if the court could infer defendants knew that a "core" accounting convention was employed, it could not infer defendants knew that "[the convention] violated GAAP or that there was a risk this was the case"). Nothing about the restatement changes this defect.[3]

***Second***, Plaintiffs selectively quote and mischaracterize a *Reuters* article that contains anonymous speculation about the scope of an ongoing regulatory investigation. But, as Defendants have explained, the existence of an ongoing investigation cannot establish scienter. *See, e.g.*, *Heavy & Gen. Laborers' Loc. 472 & 172 Pension & Annuity Funds v. Fifth Third Bancorp*, No. 20 C 2176, 2022 WL 1642221, at *22 (N.D. Ill. May 24, 2022). Further, as the Seventh Circuit has made clear, courts "must discount allegations" attributed to anonymous sources. *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 757 (7th Cir. 2007). And "[u]sually that discount will be steep," because it "is hard to see how information from anonymous sources could be deemed 'compelling' or how [the court] could take account of plausible opposing

---

under Section 20A. Mr. Young did not rely on the absence of a restatement to argue that Plaintiffs failed to sufficiently allege scienter. (*See* ECF No. 82 at 6.) Instead, Mr. Young explained that Plaintiffs cannot rely on generalized allegations to create a strong inference that he or any other Individual Defendant had the requisite "intent to deceive." (*Id.* (quoting *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 756 (7th Cir. 2007).) A restatement says nothing about any Individual Defendant's state of mind.

3    To the extent Plaintiffs also argue that the formal restatement changes the materiality analysis (Pl's Br. at 1 & n.1), that is irrelevant because Defendants do not argue that materiality is an independent basis for dismissal in this case.

inferences. Perhaps these confidential sources have axes to grind. Perhaps they are lying. Perhaps they don't even exist." *Id.* at 756–57. What is more, where plaintiffs attempt to rely on *secondhand* reporting about anonymous accounts, courts frequently disregard such allegations altogether. *See Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 800 (S.D.N.Y. 2020) (dismissing securities class action for failure to plead scienter and noting that "courts have tended not to credit uncorroborated statements of [confidential witnesses] who are sourced secondhand—with whom plaintiffs' counsel have not themselves interacted"); *In re Lehman Bros. Sec. & Erisa Litig.*, No. 10-CV-6637 (LAK), 2013 WL 3989066, at *4 (S.D.N.Y. July 31, 2013) ("[I]t would be inappropriate to give any weight to these alleged confidential witness statements. There is no suggestion that counsel in this action has spoken with these confidential witnesses or even knows who they are.").

In arguing that the Court should credit characterizations of past events made by anonymous sources to *Reuters*, Plaintiffs cite *In re JPMorgan Chase & Co. Sec. Litig.*, No. 06 C 4675, 2007 WL 4531794 (N.D. Ill. Dec. 18, 2007). But in that case, the court found that independent reporting was reliable only because "Plaintiffs' counsel [had] conducted its own independent investigation which corroborates the information in the article." *Id.* at *5. In particular, Plaintiffs provided "evidence of email correspondences, other articles and related documents that corroborate the article's allegations." *Id.* By contrast, here, Plaintiffs have not provided any corroboration at all. The supplemental allegations do not satisfy the PSLRA's requirement of pleading particularized facts.

In any event, Plaintiffs are wrong that anything in the *Reuters* article could somehow fix the missing link in their scienter theory. At most, the article suggests that unnamed employees believed that certain ADM executives encouraged employees to hit financial targets—a routine

3

and necessary component of an executive's job. None of the anonymous accounts reported by *Reuters* suggest that any ADM executive instructed anyone to violate ADM's accounting policies or to record intersegment sales at prices that did not approximate market.

Plaintiffs rely on a claim that unnamed executives wished to "pull levers" to reach growth targets. (Pl's Br. at 2.) But again, nowhere in the *Reuters* article does anyone suggest employees were instructed to pull a "lever" that violated internal policy or applicable accounting standards. To the extent ADM's segments negotiated with each other for different transaction or pricing structures, the fact of such negotiations is fully consistent with ADM's commitment to approximate market prices—such negotiations take place in the market every day. After conducting an internal investigation, ADM concluded that some transactions did not approximate market. But Plaintiffs have alleged no particularized facts showing that the named Defendants had knowledge of incorrect intersegment accounting at the time of the transactions.

Notably, only one of Plaintiffs' supplemental allegations targets a named Defendant, yet that allegation is entirely benign. Plaintiffs point to unremarkable, unverified accounts that Luciano purportedly "mentioned that stock of companies specializing in higher-value food products traded at a premium to that of companies focused on agricultural commodities." (*Id.* at 3.) Defendants do not dispute that ADM disclosed that Nutrition was important to the Company's growth and future. But nothing about that allegation suggests that Luciano or anyone else knowingly tried to support Nutrition using any improper methods.

Ultimately, all of Plaintiffs' attempts to leverage after-the-fact analysis and reporting demonstrate that at its core, their theory is simply "securities fraud by hindsight." *City of Livonia Emps.' Ret. Sys. & Local 295/Local 851, IBT v. Boeing Co.*, 711 F.3d 754, 758 (7th Cir. 2013). Nothing in the supplement shows what the Individual Defendants knew about ADM's

4

accounting of intersegment sales at the time or otherwise substantiates Plaintiffs' baseless accusations of fraud somehow "directed from the top." (Pl's Br. at 3.) This case should be dismissed in its entirety.

Dated: February 13, 2025.

Respectfully submitted,

/s/ Jose A. Lopez
PERKINS COIE LLP
Jose A. Lopez
Pravin B. Rao
Katherine Pokorny
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
(312) 324-8400
jlopez@perkinscoie.com
prao@perkinscoie.com
kpokorny@perkinscoie.com

*Attorneys for Defendant Ray Young*

/s/ Marcella L. Lape
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Marcella L. Lape
Laura Bernescu
320 South Canal Street
Chicago, IL 60606
(312) 407-0700
marcie.lape@skadden.com
laura.bernescu@skadden.com

Scott Musoff (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
scott.musoff@skadden.com

*Attorneys for Defendants Archer-Daniels-
Midland Company and Juan Luciano*

/s/ Elkan Abramowitz
MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.
Elkan Abramowitz
Brian A. Jacobs
Joseph P. Klemme
565 Fifth Avenue
New York, New York 10017
(212) 880-9500 (phone)
(212) 856-9494 (fax)
eabramowitz@maglaw.com

*Attorneys for Defendant
Vincent Macciocchi*

/s/ Junaid A. Zubairi
VEDDER PRICE P.C.
Junaid A. Zubairi
Rachel T. Copenhaver
Thomas P. Cimino, Jr.
Nusra Ismail
222 N. LaSalle St, Ste. 2400
Chicago, Illinois 60601
T: (312) 609-7500
F: (312) 609-5005
jzubairi@vedderprice.com
rcopenhaver@vedderprice.com
tcimino@vedderprice.com
nismail@vedderprice.com

*Attorneys for Defendant Vikram Luthar*

6