**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| RAYMOND CHOW, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ARCHER-DANIELS-MIDLAND COMPANY, et al., <br><br> Defendants. | Case No. 24-cv-634 <br><br> District Judge Thomas M. Durkin <br> Magistrate Judge Keri L. Holleb Hotaling <br><br> <u>CLASS ACTION</u> |

**AGREED CONFIDENTIALITY AND RULE 502(d) ORDER**

The parties to this Agreed Confidentiality and Rule 502(d) Order[1] have agreed to the terms of this Order; accordingly it is ORDERED:

**1.** **Scope.** All Discovery Material (defined below) produced or adduced in the course of discovery in the above-captioned action shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Definition of Discovery Material**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests and documents produced pursuant thereto, deposition testimony and exhibits, and information derived therefrom.

---

[1] The parties are concurrently submitting a redline version comparing this Agreed Confidentiality and Rule 502(d) Order to the Form Local Rule 26.2 Model Confidentiality Order.

3.      **Definition of Designated Discovery Material.** Any Discovery Material designated as "Confidential" pursuant to the terms of this Order.

4.      **Confidential Discovery Material.** Any party or non-party producing Discovery Material (the "Producing Party") may designate as "Confidential" subject to this Order any Discovery Material the Producing Party believes in good faith falls within one or more of the following categories: (a) information protected from disclosure by statute; (b) information that reveals trade secrets; (c) competitively or commercially sensitive research, technical, business, commercial, or financial information or communications that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identifying information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential.

5.      **Designation.**

**(a)**      A Producing Party may designate a document as Discovery Material for protection under this Order by placing or affixing the word "Confidential" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Discovery Material. The markings described above shall be applied prior to or at the time the documents are produced or disclosed. Applying the markings described above to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked as described above shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked

2

documents and do not otherwise disclose the substance of the Discovery Material are not required to be marked.

**(b)** The designation of a document as Confidential is a certification by an attorney or a party appearing *pro se* that the Discovery Material contains Confidential information as defined in this Order.[2]

6. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Discovery Material until 30 days after the party designating the material as Confidential ("Designating Party") receives the final transcript, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to the testimony that is designated Confidential, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential unless otherwise ordered by the Court.

7. **Protection of Designated Discovery Material.**

**(a)** **General Protections.** Unless otherwise agreed by the parties, Designated Discovery Material shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

---

[2] An attorney who reviews the documents and designates them as Confidential must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents Confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

        **(b)**      **Disclosure of Confidential Discovery Material.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Discovery Material to any third person or entity except as set forth in subparagraphs (1)-(11) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Discovery Material:

        **(1)**     **Counsel.** Counsel to the parties who have entered appearances in the case or who is an employee of the parties, as well as their partners and associates, paralegals, staff, and other regular or temporary employees (including contract attorneys) providing services in conjunction with this case;

        **(2)**     **Parties.** The named parties to this action and any employees and directors of a party but only to the extent counsel determines in good faith that such person's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

        **(3)**     **The Court and its Personnel**;

        **(4)**     **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

        **(5)**     **Contractors**. The persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

        **(6)**     **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the

4

preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7)** **Witnesses at Depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with the review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

**(8)** **Custodian, Author, or Recipient.** The custodian, author, or recipient of the document (not including a person who received the document in the course of litigation) or a person who otherwise possessed or knew the information. Author includes the individual or individuals who prepared or contributed to a document;

**(9)** **Mediator.** Any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution of this action and their staff;

**(10)** **Insurers.** Insurers and reinsurers of the parties, and counsel for such insurers or reinsurers; and

5

**(11)** **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)** **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Designated Discovery Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order (Attachment A) for a period of three years after the termination of the case. A Producing Party may request executed copies of Attachment A for any person if the Producing Party has a good faith basis for believing such person has breached this Order.

**8.** **Non-Parties**. Non-parties who are requested to produce documents or things or provide testimony in this action may avail themselves to the provisions of this Order and may designate and produce documents, things, or testimony as containing Confidential information in accordance with its provisions without further action by the Court.

**9.** **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. The Producing Party must inform the receiving party (the "Receiving Party") of the inadvertent failure to designate within ten (10) business days after discovering it. If a party designates a document as Confidential after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated

6

Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated as Confidential.

10.     **Rule 502(d) Order**. The inadvertent production in this action of Discovery Material subject to a claim or privilege, work-product protection, or any other applicable privilege or protection is subject to all protections afforded by Fed. R. Evid. 502. A Producing Party may assert privilege or protection over produced Discovery Material at any time by notifying the Receiving Party in writing of the assertion of privilege or protection, except that: **(i)** the Producing Party's affirmative use of the Discovery Material in the action waives privilege and protection with respect to it, and of other Discovery Material to the extent provided by Federal Rules of Evidence Rule 502(a) or applicable law; and **(ii)** upon use in the action by another of Discovery Material that is being claimed as privileged or protected that was produced by a party, the Producing Party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

(a)     When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). In the event of receiving such notice, the Receiving Party shall: **(i)** take reasonable steps to retrieve the privileged and/or protected material if it disclosed or disseminated such information before being notified; and **(ii)** within seven days of receiving such notice, shall certify to the Producing Party that the Receiving Party has complied with Federal Rule of Civil Procedure 26(b)(5)(B).

(b)     In the event the Receiving Party intends to challenge the designation of the document(s) as privileged and/or protected material, it shall promptly sequester all copies of the

7

document(s) pending Court resolution of the challenge. Following notice by the Producing Party, the Receiving Party: **(i)** must not use or disclose the privileged and/or protected material, other than in challenging the designation, until the claim is resolved; and **(ii)** must take reasonable steps to retrieve the privileged and/or protected material if the party disclosed it before being notified. In the event of a contested assertion of privilege or protection over produced Discovery Material that cannot be resolved amicably after meeting and conferring in good faith pursuant to LR 37.2, either party may bring the content to the attention of the Court by motion.

11. **Filing of Designated Discovery Material.** Designated Discovery Material shall not be publicly filed absent an order from the Court or the consent of the Producing Party. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Designated Discovery Material in connection with a motion, brief or other submission to the Court must comply with LR 26.2 and any applicable standing orders.

12. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

13. **Challenges by a Party to Designation as Confidential**. The designation of any Discovery Material as "Confidential" is subject to challenge by any party. The following procedure shall apply to any such challenge:

(a) **Meet and Confer.** A party challenging the designation of Discovery Material ("Challenging Party") must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the

8

Designating Party an opportunity to review the Designated Discovery Material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five business days.

**(b)     Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the Designated Discovery Material as Confidential under the terms of this Order.

14.     **Action to the Court.** Applications to the Court for an order relating to Designated Discovery Material shall be made by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

15.     **Use of Designated Discovery Material at Trial or Hearings.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Designated Discovery Material at a hearing or trial shall bring the issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or hearings.

16.     **Designated Discovery Material Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a Receiving Party is served with a subpoena or an order issued in another litigation or proceeding that would compel disclosure of any Designated Discovery Material, the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Designated Discovery Material in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its Designated Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Designated Discovery Material by another party or non-party to this case.

17.     **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been

filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

18.     **Obligations on Conclusion of Litigation.**

(a)     **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after settlement, discontinuance, dismissal, judgment or any other disposition of the action.

(b)     **Obligations at Conclusion of Litigation**. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Designated Discovery Material, and all copies thereof, shall be promptly returned to the Producing Party, or destroyed by the Receiving Party. The Receiving Party shall not be required to locate, isolate, and return or destroy **(i)** e-mails (including attachments to e-mails) that may include Designated Discovery Material or **(ii)** Designated Discovery Material contained in deposition transcripts or drafts or final expert reports. Upon request of the Producing Party, a party that elects to destroy documents must certify to the Producing Party that it has done so.

(c)     **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Discovery Material under this Order.

(d)     **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

11

19.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

20.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Designated Discovery Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

21.     **Persons Bound.** This Order shall become effective as a Stipulation among the parties immediately upon its execution, even if not yet entered by the Court. This Order shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**So Ordered.**

Dated: May 23, 2025

_____

Hon. Keri L. Holleb Hotaling
United States Magistrate Judge

DATED: May 21, 2025        **MOTLEY RICE LLC**

*/s/ Meghan S. B. Oliver*
MEGHAN S. B. OLIVER

Meghan S. B. Oliver
Gregg S. Levin
Christopher F. Moriarty
Charlotte E. Loper
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843-216-9000
moliver@motleyrice.com
glevin@motleyrice.com
cmoriarty@motleyrice.com
cloper@motleyrice.com

**MOTLEY RICE LLC**
William H. Narwold
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone: 860-882-1676
bnarwold@motleyrice.com

**ROBBINS GELLER RUDMAN
& DOWD LLP**
James E. Barz (IL Bar #6255605)
Frank A. Richter (IL Bar #6310011)
Michael J. Stramaglia (IL Bar #6336821)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 630-696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
mstramaglia@rgrdlaw.com

**ROBBINS GELLER RUDMAN
& DOWD LLP**
Christopher D. Stewart
Jennifer N. Caringal
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058

13

cstewart@rgrdlaw.com
jcaringal@rgrdlaw.com

*Lead Counsel for Lead Plaintiffs*

**O'DONOGHUE & O'DONOGHUE LLP**
John M. McIntire
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202-362-0041
jmcintire@odonoghuelaw.com

*Additional Counsel for Plaintiffs*

DATED: May 21, 2025                    **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Tyler C. Murray*
TYLER C. MURRAY

Tyler C. Murray
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone:  312-705-7400
tylermurray@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Michael B. Carlinsky (*pro hac vice* forthcoming)
Jesse Bernstein (*pro hac vice* forthcoming)
Heather Christenson (*pro hac vice* forthcoming)
Leigha Empson (*pro hac vice* forthcoming)
295 Fifth Avenue
New York, NY 10016
Telephone:  212-849-7000
michaelcarlinsky@quinnemanuel.com
jessebernstein@quinnemanuel.com
heatherchristenson@quinnemanuel.com
leighaempson@quinnemanuel.com

*Attorneys for Defendant Archer-Daniels-Midland Company*

14

DATED: May 21, 2025          **LATHAM & WATKINS**

*/s/ Eric R. Swibel*
ERIC R. SWIBEL

Gary Feinerman
Eric R. Swibel
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312-876-7700
Gary.Feinerman@lw.com
Eric.swibel@lw.com

*Attorneys for Defendant Juan Luciano*

DATED: May 21, 2025          **PERKINS COIE LLP**

*/s/ Jose A. Lopez*
JOSE A. LOPEZ

Jose A. Lopez
Pravin Rao
Kathryn Campbell
Katherine Pokorny
110 North Wacker Drive, Suite 3400
Chicago, IL 60606
Telephone: 312-324-8400
jlopez@perkinscoie.com
prao@perkinscoie.com
kathryncampbell@perkinscoie.com
kpokorny@perkinscoie.com

*Attorneys for Defendant Ray Young*

15

DATED: May 21, 2025

**VEDDER PRICE P.C.**

*/s/ Rachel T. Copenhaver*
RACHEL T. COPENHAVER

Junaid A. Zubairi
Rachel T. Copenhaver
Thomas P. Cimino, Jr.
Nusra Ismail
222 North LaSalle Street, Suite 2400
Chicago, IL  60601
Telephone:  312-609-7500
jzubairi@vedderprice.com
rcopenhaver@vedderprice.com
tcimino@vedderprice.com
nismail@vedderprice.com

*Attorneys for Defendant Vikram Luthar*

DATED: May 21, 2025

**MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC**

*/s/ Elkan Abramowitz*
ELKAN ABRAMOWITZ

Elkan Abramowitz
Brian A. Jacobs
Joseph P. Klemme
565 Fifth Avenue, 9th Floor
New York, NY  10017
Telephone:  212-880-9500
eabramowitz@maglaw.com
bjacobs@maglaw.com
jklemme@maglaw.com

*Attorneys for Defendant Vincent Macciocchi*

17

**ATTACHMENT A**


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RAYMOND CHOW, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ARCHER-DANIELS-MIDLAND COMPANY, et al., <br><br> Defendants. | Case No. 1:24-cv-00634 <br><br> District Judge Thomas M. Durkin <br> Magistrate Judge Keri L. Holleb Hotaling <br><br> <u>CLASS ACTION</u> <br><br><br> **JURY TRIAL DEMANDED** |


**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached hereto, understands

the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction

of the United States District Court for the Northern District of Illinois in matters relating to the

Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her

to use materials designated as Confidential in accordance with the Order solely for the purposes

of the above-captioned action, and not to disclose any such information to any other person, firm

or concern.

18

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     Signature: _____

19