# EXHIBIT A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAYMOND CHOW, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-00634 Judge Thomas M. Durkin |
| Plaintiff, | CLASS ACTION |
| v. | |
| ARCHER-DANIELS-MIDLAND COMPANY, et al., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")
and the Local Rules of the United States District Court for the Northern District of Illinois, and
subject to the definitions set forth below, Lead Plaintiffs KBC Asset Management NV, Ethenea
Independent Investors S.A., and the National Elevator Industry Pension Fund ("Plaintiffs") request
that Defendants Archer-Daniels-Midland Company ("ADM"), Juan Luciano, Vikram Luthar, Ray
Young, and Vincent Macciocchi ("Defendants") produce for inspection and copying within thirty
(30) days of the date of service, the following documents within Your actual or constructive
possession, custody, or control, to the offices of Robbins Geller Rudman & Dowd LLP, 55 South
Main Street, Suite 390, Naperville, Illinois 60540, or at such other time and place as the parties
mutually agree.

1

## I.  DEFINITIONS

1.  "Communication(s)" refers to every manner or means of transmittal or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether transmitted or exchanged orally, electronically, or by any other means, be they analog, electronic, or otherwise, including but not limited to by: document, in-person delivery, telephone, telecopier, speech, letter, mail, correspondence, memorandum, fax, or email; text message, social media message, instant message, or other electronic message (including, but not limited to via EMS, MMS, iMessage, WhatsApp, WeChat, Facebook, Instagram, Snapchat, Twitter, Slack, Teams, Skype, and G-chat); shared applications for cellular phones; phone, text, or chat logs; and recordings, photographic files of all types, or any other media of any kind. "Communication(s)" is included within the scope of the term Documents (as that term is defined below).

2.  "Complaint" means Lead Plaintiffs' Complaint for Violations of the Federal Securities Laws (ECF No. 67).

3.  "Concerning" means reflecting, regarding, relating to, referring to, describing, discussing, evidencing, or constituting.

4.  "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes, without limitation, drafts or non-identical copies, ESI, and Communications.

5.  "DOJ" means the United States Department of Justice.

6.  "DOJ Investigation" refers to the DOJ investigation referenced on page 19 of ADM's February 20, 2025 Form 10-K for the fiscal year ended December 31, 2024 and in Paragraphs 8 and 12 of the Supplement, and includes but is not limited to, the DOJ's January 2024 document requests to ADM referenced in Paragraph 301 of the Complaint.

2

7. "Electronically stored information" or "ESI" refers to any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including any word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "email," operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts or any miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, backup file, deleted file, or file fragment. "ESI" also includes, without limitation, any items stored on computer memory or memories, hard drives, zip drives, CD-ROM discs or in any other vehicle for electronic or digital data storage or transmittal, files, folder tabs or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

8. "Produce" or "Produced" is not limited to formal Document productions and includes, but is not limited to, any Documents that were provided, sent, made available for inspection, turned over, or otherwise transmitted whether formally or informally and by any means (i.e. email, file share, courier, postal service).

9. "Refer" or "relate" or "referring" or "relating" means all documents which comprise, explicitly or implicitly refer to, were reviewed in conjunction with, or were created, generated, or maintained as a result of the subject matter of the Request, including, without

limitation, all documents which reflect, record, memorialize, embody, discuss, evaluate, consider, review, or report on the subject matter of the Request.

10. "SEC" means the United States Securities and Exchange Commission.

11. "SEC Investigation" refers to the SEC investigation referenced on page 19 of ADM's February 20, 2025 Form 10-K for the fiscal year ended December 31, 2024, and includes but is not limited to, the SEC's June 30, 2023 voluntary document request to ADM referenced in Paragraph 301 of the Complaint and the "additional document request from the SEC" referenced in Paragraph 302 of the Complaint and on Page 33 of ADM's April 30, 2024 Form 10-Q for the quarterly period ended March 31, 2024.

12. "Supplement" means the Supplement to Lead Plaintiffs' Complaint for Violations of the Federal Securities Laws (ECF No. 105).

13. "You" or "Your" means each of the Defendants, together with any of their representatives, agents, accountants, attorneys, advisors, employees, and all others acting or purporting to act on behalf of any of the foregoing.

## II. DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents You Produced or will Produce to the SEC in connection with the SEC Investigation.

### REQUEST FOR PRODUCTION NO. 2:

All Documents You Produced or will Produce to the DOJ in connection with the DOJ Investigation.

DATED: March 21, 2025

**MOTLEY RICE LLC**

*/s/ Meghan S. B. Oliver*
MEGHAN S. B. OLIVER

Meghan S. B. Oliver
Gregg S. Levin
Christopher F. Moriarty
Charlotte E. Loper
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843-216-9000
moliver@motleyrice.com
glevin@motleyrice.com
cmoriarty@motleyrice.com
cloper@motleyrice.com

**MOTLEY RICE LLC**
William H. Narwold
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone: 860-882-1676
bnarwold@motleyrice.com

**ROBBINS GELLER RUDMAN
& DOWD LLP**
James E. Barz (IL Bar #6255605)
Frank A. Richter (IL Bar #6310011)
Michael J. Stramaglia (IL Bar #6336821)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 630-696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
mstramaglia@rgrdlaw.com

**ROBBINS GELLER RUDMAN
& DOWD LLP**
Christopher D. Stewart
Jennifer N. Caringal
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619-231-1058
cstewart@rgrdlaw.com
jcaringal@rgrdlaw.com

5

*Lead Counsel for Lead Plaintiffs*

**O'DONOGHUE & O'DONOGHUE LLP**
John M. McIntire
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202-362-0041
jmcintire@odonoghuelaw.com

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2025 a true and correct copy of the foregoing document was served via electronic mail on counsel of record for Defendants Archer-Daniels-Midland Company, Juan Luciano, Vikram Luthar, Ray Young, and Vincent Macciocchi.

*/s/ Charlotte E. Loper*
CHARLOTTE E. LOPER