# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND CHOW, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 1:24-cv-00634 |
| | ) | District Judge Thomas M. Durkin |
| ARCHER-DANIELS-MIDLAND COMPANY, et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**DEFENDANTS ARCHER-DANIELS-MIDLAND COMPANY'S AND JUAN LUCIANO'S**
**RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern Diistrict of Illinois (together with the Federal Rules of Civil Procedure, the "Applicable Rules"), Defendants Archer-Daniels-Midland Company ("ADM") and Juan Luciano (collectively, the "ADM Defendants"), by their undersigned counsel, hereby respond and object to Lead Plaintiffs' First Set of Requests for Production of Documents ("Requests") dated March 21, 2025.

**Preliminary Statement**

1.      These objections and responses are based upon the information presently available to the ADM Defendants, and the ADM Defendants expressly reserve the right to (i) revise, correct, supplement, amend, modify, or clarify their responses as additional information is discovered in accordance with the Applicable Rules; (ii) provide additional responsive information; (iii) assert additional objections to the Requests or any other requests for documents, if such objections become apparent in the future; (iv) rely upon any information

provided in this case, including, without limitation, in any hearing, proceeding, or trial in this case; and (v) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

2. Subject to and without waiver of any Specific Objections, in responding to the Requests, the ADM Defendants will construe the Requests, including the related definitions and instructions, consistently with the Applicable Rules.

3. Subject to and without waiver of any Specific Objections, the ADM Defendants will provide responsive, confidential, and/or proprietary business information subject to the Parties' forthcoming Stipulation and Confidentiality Order.

4. To the extent that the Requests purport to require production of information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity (collectively, "privilege"), the ADM Defendants will not produce any documents protected by any such privilege. Any production of such materials should be deemed inadvertent and not a waiver of any of the protections listed above.

5. To the extent the Requests purport to require production of information from parties other than the ADM Defendants, the ADM Defendants will not produce any documents outside of their possession, custody, or control.

6. By responding to particular Requests, the ADM Defendants do not represent that they have possession, custody, or control over responsive documents or that such documents exist.

7. By responding to particular Requests, the ADM Defendants do not represent that they agree with any of the factual assumptions, implications, or explicit or implicit characterization of facts, events, circumstances, obligations, requirements, or issues contained in

2

the Requests. The ADM Defendants' responses to particular Requests are not intended to be, nor shall be deemed, an admission to matters stated, implied, or assumed by any or all of the Requests.

10. By responding to particular Requests, the ADM Defendants do not admit or acknowledge that such Requests call for documents or information relevant to the subject matter of this litigation. The ADM Defendants' responses set forth below are for the purpose of discovery only, and the ADM Defendants neither waive nor intend to waive, but expressly reserve, any and all objections they may have to the authenticity, relevance, competence, materiality, admission, admissibility, or use of any document or information produced, identified, or referred to herein, or to the introduction of any evidence relating to the subjects covered by such responses.

11. The ADM Defendants reserve the right to rely at trial or in any other proceeding in this matter on documents and information in addition to those called for and produced in response to the Requests.

12. The ADM Defendants object to the Requests to the extent there is no defined "Relevant Time Period" or any other temporal limitation to the scope of the Requests.

3

**<u>Specific Objections to Definitions</u>**

1.      The ADM Defendants object to Definition No. 1 of "Communication(s)" as overly broad and unduly burdensome to the extent it includes "every manner or means of transmittal or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether transmitted or exchanged orally, electronically, or by any other means." The ADM Defendants further object to this definition to the extent it purports to impose obligations that are broader than, inconsistent with, or not authorized under the Applicable Rules.

2.      The ADM Defendants object to Definition No. 3 of "Concerning" as overly broad and unduly burdensome.

3.      The ADM Defendants object to Definition No. 4 of "Document" to the extent it is inconsistent with the Applicable Rules, in particular, and without limitation, because it includes "drafts or non-identical copies." The ADM Defendants will interpret the term "Document" in accordance with the Applicable Rules.

4.      The ADM Defendants object to Definition No. 7 of "Electronically stored information" or "ESI" because it is overly broad, unduly burdensome, and purports to seek information that is not relevant or proportional to the needs of the case. In responding to the Requests, the ADM Defendants will construe the terms "Electronically stored information" or "ESI" to be synonymous in meaning with the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). For the avoidance of doubt, the ADM Defendants do not intend to produce numerous categories of obscure and/or burdensome materials on grounds that their production is not proportional to the needs of the case and that such a broad definition is excessive, confusing, unduly burdensome, and inconsistent with any reasonable understanding of typical forms of documents or discovery, including, without

limitation, "mechanical, . . . magnetic, . . . programming notes or instructions, activity listings of electronic mail receipts or transmittals, . . . operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, . . . , PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts or any miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, backup file, deleted file, or file fragment" or "any items stored on . . . zip drives, CD-ROM discs or in any other vehicle for electronic or digital data storage or transmittal, files, folder tabs or containers and labels appended to or associated with any physical storage device associated with each original and each copy."

5.      The ADM Defendants object to Definition No. 8 of "Produce" or "Produced" as overly broad and unduly burdensome to the extent it is not limited to "formal Document productions" and includes "any Documents that were . . . made available for inspection . . . or otherwise transmitted whether formally or informally and by any means (i.e. email, file share, courier, postal service)."

6.      The ADM Defendants object to Definition No. 9 of "Refer," "relate," "referring," or "relating" as overly broad and unduly burdensome.

7.      The ADM Defendants object to Definition No. 13 of "You" or "Your" as overly broad, unduly burdensome, vague, and incapable of meaningful ascertainment to the extent it requests the ADM Defendants to produce information from "any of their representatives, agents, accountants, attorneys, advisors, employees, and all others acting or purporting to act on behalf of any of the foregoing." The ADM Defendants further object to this definition to the extent it purports to require the production of information protected by applicable privileges and protections.

5

**Specific Responses and Objections to Requests for Production**

**Request No. 1:**

All Documents You Produced or will Produce to the SEC in connection with the SEC Investigation.

**Response to Request No. 1:**

In addition to the foregoing Preliminary Statement and Specific Objections to Definitions, the ADM Defendants object to Request for Production No. 1 because it is overbroad and not proportional to the needs of this case because it is not limited by time period or subject matter and seeks information that is not relevant to the claims in Lead Plaintiffs' Complaint. Instead, Request for Production No. 1 is the exact kind of "cloned discovery" and "reflexive production" that courts in the Northern District of Illinois consistently find inappropriate and facially overbroad. *See, e.g., In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, 2023 WL 4181198, at *6 (N.D. Ill. June 26, 2023) (collecting cases) (holding plaintiffs' request for all documents produced in DOJ investigation was "facially overbroad") (internal quotation marks and citation omitted); *In re Broiler Chicken Antitrust Litig.*, 2020 WL 1046784, at *2 (N.D. Ill. Mar. 4, 2020) ("[R]eflexive production of documents previously provided to governmental entities is not appropriate."). The ADM Defendants further object to this Request as cumulative and duplicative of Request for Production No. 2.

Subject to and without waiving the foregoing objections, the ADM Defendants are willing to engage in a meet and confer with Plaintiffs to determine whether the parties can reach agreement regarding the appropriate scope of a re-production of documents that the ADM Defendants have Produced or will Produce to the SEC in connection with the SEC Investigation. The ADM Defendants further state that, to date, Defendant Luciano has not made any production

6

of documents to the SEC.

**Request No. 2:**

All Documents You Produced or will Produce to the DOJ in connection with the DOJ Investigation.

**Response to Request No. 2:**

In addition to the foregoing Preliminary Statement and Specific Objections to Definitions, the ADM Defendants object to Request for Production No. 2 because it is overbroad and not proportional to the needs of this case because it is not limited by time period or subject matter and seeks information that is not relevant to Plaintiffs' claims. Instead, Request for Production No. 2 is the exact kind of "cloned discovery" and "reflexive production" that courts in the Northern District of Illinois consistently find inappropriate and facially overbroad. *See, e.g., In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, 2023 WL 4181198, at *6 (N.D. Ill. June 26, 2023) (collecting cases) (holding plaintiffs' request for all documents produced in DOJ investigation was "facially overbroad") (internal quotation marks and citation omitted); *In re Broiler Chicken Antitrust Litig.*, 2020 WL 1046784, at *2 (N.D. Ill. Mar. 4, 2020) ("[R]eflexive production of documents previously provided to governmental entities is not appropriate."). The ADM Defendants further object to this Request as cumulative and duplicative of Request for Production No. 1.

Subject to and without waiving the foregoing objections, the ADM Defendants are willing to engage in a meet and confer with Plaintiffs to determine whether the parties can reach agreement regarding the appropriate scope of a re-production of documents that the ADM Defendants have Produced or will Produce to the DOJ in connection with the DOJ Investigation. The ADM Defendants further state that, to date, Defendant Luciano has not made any production of documents to the DOJ.

7

Dated: April 21, 2025

Respectfully submitted,

*/s/ Marcella L. Lape*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Marcella L. Lape
Laura Bernescu
320 South Canal Street
Chicago, IL 60606
(312) 407-0700
marcie.lape@skadden.com
laura.bernescu@skadden.com

Scott Musoff (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
scott.musoff@skadden.com

*Attorneys for Defendants Archer-Daniels-
Midland Company and Juan Luciano*

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, I caused the foregoing document to be served on counsel for Plaintiffs via email.


*/s/ Marcella L. Lape*
Marcella L. Lape