# EXHIBIT F
**REDACTED**

**CONFIDENTIAL**

**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7036**

WRITER'S EMAIL ADDRESS
**jessebernstein@quinnemanuel.com**

May 16, 2025

**CONFIDENTIAL**
**VIA E-MAIL**
**MOLIVER@MOTLEYRICE.COM**

Meghan S. B. Oliver
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Re:     *Chow v. Archer-Daniels-Midland Company, et al*, Case No. 1:24-cv-00634 (N.D. Ill.)

Dear Meghan:

Following up on our meet and confer yesterday, we confirm that we will not re-produce the entirety of ADM's document productions to the government. As we have indicated multiple times, courts in the Northern District of Illinois routinely hold that such requests are facially overbroad. *See, e.g.*, *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, 2023 WL 4181198, at *7 (N.D. Ill. June 26, 2023) ("[A] party seeking documents produced in another matter ordinarily must 'do their own work and request the information they seek directly' and 'must make proper requests describing the information in which they are interested.'") (quoting *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000)); *In re Broiler Chicken Antitrust Litig.*, 2020 WL 1046784, at *2 (N.D. Ill. Mar. 4, 2020) (Durkin, J.) ("[R]eflexive production of documents previously provided to governmental entities is not appropriate."); *Forth v. Walgreen Co.*, 2019 WL 10255628, at *6 (N.D. Ill. July 10, 2019) (denying cloned discovery from qui tam action where "Plaintiffs have failed to demonstrate that all documents produced in the qui tam are relevant."). The sole out-of-circuit authority you provided us yesterday does not compel a different result. Critically, here, as we have explained, your requests for a complete reproduction of the governmental productions is overbroad because, as shown below, the governmental investigations extend beyond intersegment transactions.

As an initial matter, despite bearing the burden of demonstrating relevance, your position of complete-overlap has rested on the contention that ADM's SEC disclosures stated that there was complete overlap. That's incorrect. *See, e.g.*, 2024 10-K at 19 ("[T]he Company is under investigation by the United States Securities and Exchange Commission ('SEC') and the Department of Justice ('DOJ') relating to, ***among other things***, intersegment sales between the Company's Nutrition reporting segment and the Company's Ag Services and Oilseeds and

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

**CONFIDENTIAL**

Carbohydrate Solutions reporting segments.") (emphasis added). Moreover, although we are not willing to provide you with the complete set of document requests made by the SEC or the DOJ (the "Governmental Requests")—some of which were oral requests—we are willing to provide a few examples that demonstrate that the scope of the Governmental Requests exceed what is relevant to this action.[1] Among other overbroad requests, the Governmental Requests sought:

1.  This request is not tethered to communications regarding intersegment transactions and is therefore facially overbroad to this action.

2. Similarly, this request is not limited to calendar invitations or call logs for meetings and communications regarding intersegment transactions and is therefore facially overbroad to this action.

3.

Despite the overbreadth of certain of the Governmental Requests, we intend—as we mentioned on the prior meet and confer—to find an efficient method for reviewing the documents produced in response to the Governmental Requests for responsive material, *i.e.* materials concerning intersegment transactions. Search terms are the standard approach utilized and would be efficient here. In addition to search terms, however, we expect that we will be able to produce documents produced in response to certain Governmental Requests either in full without any

---

[1] It is not clear whether you contest that the DOJ investigation exceeds the scope of this action, as you have consistently requested the SEC requests as opposed to the DOJ requests. We note that the SEC and DOJ both requested any documents provided to the other; thus, effectively, the SEC requests encompass the DOJ requests and vice versa.

**CONFIDENTIAL**

additional review or, at minimum, on an expedited basis without the use of search terms to cull the universe of documents reviewed for production, including, but not limited to, those listed below.



1.

2.

3.

4.

5.

Sincerely,


*/s/ Jesse Bernstein*
Jesse Bernstein

3