# EXHIBIT G

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAYMOND CHOW, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ARCHER-DANIELS-MIDLAND COMPANY, et al., <br><br> ADM Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:24-cv-00634<br>)  District Judge Thomas M. Durkin<br>)<br>)<br>)<br>)<br>) |

**ADM DEFENDANTS' RULE 26(a)(1) DISCLOSURES**

Defendants Archer-Daniels-Midland Company ("ADM" or the "Company") and Juan Luciano (collectively, the "ADM Defendants"), by and through their undersigned counsel, hereby provide the following Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**PRELIMINARY STATEMENT**

These Initial Disclosures are made based on the information reasonably available and presently known to the ADM Defendants. These Initial Disclosures are not intended as a complete, comprehensive statement of all potential witnesses and materials that the ADM Defendants may rely upon in this action. The ADM Defendants continue to investigate the issues raised in this case, and thus reserve the right to supplement, modify, or amend, in any way, these Initial Disclosures, consistent with Federal Rule of Civil Procedure 26(e). The ADM Defendants expressly reserve their right to rely on additional information or sources of information in support of their defenses, if or as such information or sources become known.

By making these Initial Disclosures, the ADM Defendants do not waive, and expressly reserve, any and all protections available pursuant to the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, and any other applicable privilege or immunity. In addition, the information set forth below is provided without waiving (i) the right to object on any appropriate grounds to the use of any information disclosed herein for any purpose, including objections based on admissibility or discoverability, and (ii) the right to object to any future discovery requests relating to the subject matter of these Initial Disclosures.

## DISCLOSURES

**I.      Rule 26(a)(1)(A)(i): Individuals Likely to Have Discoverable Information that ADM Defendants May Use to Support Their Claims and/or Defenses**

Subject to the reservation of rights and privileges described above, including the right to amend and/or supplement this list pursuant to Rule 26(e)(1), the ADM Defendants identify the following current and former employees who are likely to have discoverable information that the ADM Defendants may use to support their claims or defenses:

| Name | Address | Subject Matter |
|---|---|---|
| Juan Luciano<br>(*ADM Chief Executive Officer, President, and Chairman of the Board*) | May be contacted through undersigned counsel | Performance of ADM's business segments, public statements and/or filings made on behalf of ADM, executive compensation plan, investigation related to ADM's intersegment accounting practices. |
| Vikram Luthar<br>(*Former ADM Chief Financial Officer; former CFO, Nutrition*) | May be contacted through counsel of record in this matter | ADM's accounting practices and policies, including as to intersegment transactions, public statements and/or filings made on behalf of ADM. |

| Name | Address | Subject Matter |
|---|---|---|
| Ray Young (*Former ADM Chief Financial Officer*) | May be contacted through counsel of record in this matter | ADM's accounting practices and policies, including as to intersegment transactions, public statements and/or filings made on behalf of ADM. |
| Vincent Macciocchi (*Former ADM President of Nutrition, Chief Sales and Marketing Officer*) | May be contacted through counsel of record in this matter | Performance of ADM's Nutrition segment, intersegment transactions between Nutrition and other business segments, public statements and/or filings made on behalf of ADM. |
| Michele Anderson (*Controller*, *North America, Nutrition)* | May be contacted through undersigned counsel | ADM's accounting practices and policies, including as to intersegment transactions. |
| Christopher Cuddy (*President, Carbohydrate Solutions*) | May be contacted through undersigned counsel | Intersegment transactions between ADM's business segments. |
| Micheal D'Ambrose (*Former ADM Chief Human Resources Officer*) | May be contacted through undersigned counsel | ADM's Executive Compensation Plan |
| Marie Desmaretz Poilly (*Controller, Human & Animal Nutrition*) | May be contacted through undersigned counsel | ADM's accounting practices and policies, including as to intersegment transactions. |
| Leticia Goncalves (*Former President, Precision Fermentation & ADM Ventures (Nutrition)*) | May be contacted through undersigned counsel | Intersegment transactions between ADM's business segments. |
| Marco Knauf (*ADM Assistant Treasurer; former Finance Director of Specialty Products and Financial Analysis & Planning Director, Nutrition*) | May be contacted through undersigned counsel | Intersegment transactions between ADM's business segments. |
| Helen McClelland (*ADM Global Controller, Finance Operations; Former Segment Controller, Agricultural Services and Oilseeds*) | May be contacted through undersigned counsel | ADM's accounting practices and policies, including as to intersegment transactions. |

3

| Name | Address | Subject Matter |
|---|---|---|
| Jeff Miller (*Former Chief Financial Officer, Nutrition*) | May be contacted through undersigned counsel | Intersegment transactions between ADM's business segments. |
| Greg Morris (*President, Agricultural Services and Oilseeds*) | May be contacted through undersigned counsel | Intersegment transactions between ADM's business segments. |
| Dan Nisser (*Former Chief Financial Officer, Carbohydrate Solutions and Agricultural Services & Oilseeds*) | May be contacted through undersigned counsel | Intersegment transactions between ADM's business segments. |
| Marco Pinheiro (*Head of Finance, North America, Agricultural Services & Oilseeds*) | May be contacted through undersigned counsel | Intersegment transactions between ADM's business segments. |
| Sandy Raab (*Controller, Business Transformation*; *Former Global Controller, Human Nutrition*) | May be contacted through undersigned counsel | ADM's accounting practices and policies, including as to intersegment transactions. |
| Ismael Roig (*Interim CFO; Former President, Animal Nutrition/EMEA*) | May be contacted through undersigned counsel | ADM's accounting practices and policies, including as to intersegment transactions; Intersegment transactions between ADM's business segments. |
| Martin Steinmann (*Former Chief Financial Officer, Nutrition*) | May be contacted through undersigned counsel | ADM's accounting practices and policies, including as to intersegment transactions; Intersegment transactions between ADM's business segments. |
| John Stott (*Chief Financial Officer, Agricultural Services & Oilseeds*) | May be contacted through undersigned counsel | ADM's accounting practices and policies, including as to intersegment transactions. |
| Molly Strader Fruit (*ADM Vice President, Total Rewards & HR Operations; Former Vice President, Corporate Controller*) | May be contacted through undersigned counsel | ADM's accounting practices and policies, including as to intersegment transactions. |

4

| Name | Address | Subject Matter |
|---|---|---|
| Brian Tschosik (*Business Unit Controller, Carbohydrate Solutions; Former Business Unit Controller, Agricultural Services & Oilseeds*) | May be contacted through undersigned counsel | ADM's accounting practices and policies, including as to intersegment transactions. |

The ADM Defendants additionally believe that the following other individuals may have discoverable information that the ADM Defendants may use to support their claims or defenses:

| Person(s) most knowledgeable, Ernst & Young | May be contacted through: Karim Basaria David Gordon Sidley Austin LLP One South Dearborn Chicago, IL 60603 (312)-853-7000 | ADM's filings with the SEC, Ernst & Young's audits of ADM's financials |
|---|---|---|
| Person(s) most knowledgeable, Meridian Compensation Partners | 100 S. Saunders Rd. Suite 250 Lake Forest, IL 60045 (847) 235-3600 | ADM Executive Compensation Plan |
| Person(s) most knowledgeable, Korn Ferry | 233 South Wacker Drive Suite 700 Chicago, IL 60606 (312) 466-1834 | ADM Executive Compensation Plan |
| Plaintiffs | May be contacted through Plaintiffs' counsel | Plaintiffs' ownership of ADM common stock, other facts related to Class allegations, market information known to Plaintiffs, mitigation efforts, and other facts alleged in the Complaint |

This list does not include experts and/or consultants who might be retained by the ADM Defendants or others. In addition to the persons identified below, other persons whose names appear in the documents described in Section II, below, may also have discoverable information that the ADM Defendants may use to support their claims or defenses. The ADM Defendants

5

reserve the right to seek discovery from, and relating to, those or other persons who may become known subsequently as persons likely to have discoverable information that the ADM Defendants may use to support their claims or defenses.

In making these Initial Disclosures, the ADM Defendants do not waive their right to object, pursuant to applicable Federal and Local Rules, to the deposition or other testimony of any individual or entity, including those identified herein. The ADM Defendants also do not authorize Plaintiffs to communicate with current or former employees or consultants of ADM, and nothing herein should be construed to authorize Plaintiffs or any other party to contact any individuals where such contact would violate applicable law, abridge any rule of professional conduct, induce the breach of any contract, or infringe on any confidentiality agreement. In particular, all employees and former employees of ADM identified herein should be contacted only through undersigned counsel.

## II. Rule 26(a)(1)(A)(ii): Description of Materials in the ADM Defendants' Possession, Custody, or Control that the ADM Defendants May Use to Support Their Claims and/or Defenses

The ADM Defendants' evaluation of relevant documents, electronically stored information ("ESI"), and tangible things is ongoing and they expressly reserve all of the rights and privileges described above, including the right to amend and/or supplement this list pursuant to Rule 26(e)(1). The documents, electronically stored information, and tangible things in the ADM Defendants' custody or control that the ADM Defendants may use to support their claims or defenses, other than solely for impeachment, include the below-listed categories of documents.

1. Non-privileged materials concerning ADM's accounting practices, policies, and procedures with respect to intersegment transactions.

2. Non-privileged materials concerning the pricing of intersegment transactions between the Nutrition segment and ADM's other reportable business segments.

3. Non-privileged materials concerning ADM's response to the alleged accounting errors, including ADM's identification, investigation, and remediation of the alleged accounting errors at issue here.

4. Non-privileged materials concerning ADM's executive incentive compensation plan.

5. Non-privileged notes, memoranda, correspondence or other materials from ADM Defendants' files and/or the files of any of the employees listed in Section I, *supra*, to the extent such documents exist and contain information regarding issues arising from or related to Lead Plaintiffs' Amended Complaint and Supplement thereto.

6. Documents filed with the Securities and Exchange Commission during the class period.

7. Documents referenced in the pleadings filed in this action, to the extent those documents are in the ADM Defendants' possession, custody, or control.

8. Documents reflecting the stock prices of ADM's common stock during the class period.

ADM Defendants may also rely on other publicly available documents and documents produced by Plaintiffs and/or by third parties, including Plaintiffs' witnesses. Some of the foregoing documents may contain confidential information. ADM Defendants will disclose such confidential information in accordance with the law and the protective order agreed upon in this matter.

7

### III. Rule 26(a)(1)(A)(iii): Computation of Damages Claimed by ADM Defendants

ADM Defendants are not seeking damages in this action. ADM Defendants deny that they have caused any damages to Plaintiffs.

### IV. Rule 26(a)(1)(A)(iv): Disclosure of Insurance

ADM Defendants will provide as part of the discovery process relevant portions of insurance agreements, if any, under which an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action.

Dated: April 30, 2025

Respectfully submitted,

*/s/ Marcella L. Lape*

Marcella L. Lape
Laura Bernescu
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
320 South Canal Street
Chicago, IL 60606
(312) 407-0700
marcie.lape@skadden.com
laura.bernescu@skadden.com

Scott Musoff (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
scott.musoff@skadden.com

*Attorneys for ADM Defendants Archer-Daniels-Midland Company and Juan Luciano*

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2025, I caused the foregoing document to be served on

counsel of record for Lead Plaintiffs via electronic mail to the following addresses:

MOTLEY RICE LLC
Meghan S. B. Oliver
Gregg S. Levin
Christopher F. Moriarty
Charlotte E. Loper
William H. Narwold
moliver@motleyrice.com
glevin@motleyrice.com
cmoriarty@motleyrice.com
cloper@motleyrice.com
bnarwold@motleyrice.com

ROBBINS GELLER RUDMAN & DOWD LLP
James E. Barz
Frank A. Richter
Michael J. Stramaglia
Christopher D. Stewart
Jennifer N. Caringal
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
mstramaglia@rgrdlaw.com
cstewart@rgrdlaw.com
jcaringal@rgrdlaw.com

O'DONOGHUE & O'DONOGHUE LLP
John M. McIntire
jmcintire@odonoghuelaw.com

*/s/ Marcella L. Lape*
Marcella L. Lape

9