**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAYMOND CHOW, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>      v.<br><br>ARCHER-DANIELS-MIDLAND COMPANY; JUAN LUCIANO; VIKRAM LUTHAR; RAY YOUNG; and VINCENT MACCIOCCHI,<br><br>    Defendants. | No. 1:24-cv-00634<br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Keri L. Holleb Hotaling |

**DEFENDANT ADM'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL THEIR MOTION TO COMPEL AND CERTAIN EXHIBITS ATTACHED THERETO**

Pursuant to the Court's June 16, 2025 Order (ECF No. 157), Local Rules 5.8 and 26.2, and the Agreed Confidentiality and Rule 502(d) Order ("Confidentiality Order") (ECF No. 130), Defendant Archer-Daniels-Midland Company (hereinafter "ADM") submits this supplemental memorandum of law in support of Lead Plaintiffs' Motion for Leave to File Under Seal (ECF No. 156, the "Motion to Seal") their unredacted Motion to Compel the Production of Documents Produced to the SEC and DOJ (ECF No. 155, the "Motion to Compel") and accompanying Exhibits F and H-K.

**ARGUMENT**

The material Lead Plaintiff has provisionally filed under seal contains (i) sensitive information regarding ongoing governmental investigations and (ii) commercially sensitive information that courts routinely permit to be filed under seal.

Although the "general rule is that the record of a judicial proceeding is public," this is "a strong presumption rather than an absolute rule." *Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir.

2002). The public's interest in court proceedings "does not always trump the property and privacy interests of the litigants" and can be overridden "if the latter interests predominate in the particular case[.]" *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Because this case is in the discovery stage, "[s]ecrecy at this stage, while not carte blanche, is more acceptable than during trial, or as part of dispositive motions[.]" *Muehlbauer v. Gen. Motors Corp.*, 2009 WL 874511, at *3 (N.D. Ill. Mar. 31, 2009).

ADM's interest in confidentiality for these particular documents is significant and outweighs the public interest in the documents, particularly considering the fact that ADM seeks only to seal narrowly redacted portions of the Motion to Compel and Exhibits F and H and to maintain under seal entirely only Exhibits I-K, which does not prohibit the public from understanding the discovery dispute. *See, e.g.*, *Bayer Healthcare, LLC v. Norbrook Lab'ys., Ltd.*, 2009 WL 3444938, at *1 (E.D. Wis. Oct. 23, 2009) (finding that "the redaction of [plaintiff's] brief in support of its motion to compel is limited to confidential material and that, therefore, good cause exists for sealing that brief.").

***Information Regarding Ongoing Government Investigations:*** ADM seeks to apply narrow redactions to Exhibits F and H to the Motion to Compel, which reveal specific government requests for production issued in connection with ongoing investigations by the DOJ and the SEC. Public disclosure of information regarding the specific requests issued by the government could frustrate the investigation process and ADM's response. For this reason, Courts routinely permit the sealing of similar information. *See, e.g.*, *Williams-Roberts v. Coloplast Corp.*, 2021 WL 3570707, at *2 (N.D. Ind. Feb. 18, 2021) (granting motion to seal FDA communications revealing regulatory strategies); *United States v. Funds in Amount of Fifteen Thousand Dollars*, 2006 WL 1049663, at *2 (N.D. Ill. Apr. 20, 2006) (denying motion to unseal material related to grand jury

2

investigation); *United States v. Blagojevich*, 2009 WL 2601326, at *1 (N.D. Ill. Aug. 21, 2009) (disclosure of material related to ongoing investigation "may frustrate the investigation and thereby jeopardize the integrity of the search for truth"); *In re Search of 3817 W. West End, First Floor Chicago, Ill. 60621*, 321 F. Supp. 2d 953, 954 (N.D. Ill. 2004) (granting the motion to seal search protocol intended to be used by government in connection with warrant "so as not to jeopardize its ongoing investigation"); *United States v. Carahsoft Tech. Corp.*, 2024 WL 4869867, at *2 (D. Md. Nov. 22, 2024) (granting defendant's motion to seal the joint status report as it "contains confidential and potentially commercially sensitive information" "as well as 'discussion of the status and the substance of the pending investigation being undertaken by the DOJ.'").

In addition, Exhibits F and H and the Motion to Compel reveal the names of non-parties and telephone numbers, which courts routinely permit to be redacted. *See, e.g.*, *Strait v. Belcan Eng'g Grp., Inc.*, 2012 WL 2277903, at *4 (N.D. Ill. June 18, 2012) (permitting sealing of "the names of nonparty employees"); *Shakman v. City of Chicago*, 2014 WL 711010, at *8 (N.D. Ill. Feb. 21, 2014) (permitting sealing of "names and titles" of individuals); *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006) (permitting redaction of "the names and identifying factors [e.g., phone numbers] of nonparty employees").

The narrow redactions and sealing sought by ADM here distinguish the case from the authority referenced by the Court (ECF No. 157). For instance, in *Union Oil Co. of California v. Leavell*, the court noted that "[a]lmost every document" filed in the case was filed under seal, and though the dispute was about trade secrets, it is not the case that "every dispute about trade secrets must be litigated in private." 220 F.3d 562, 567 (7th Cir. 2000).[1]

---

[1] *Howe v. Speedway LLC*, which the Court also referenced (ECF No. 157) was not a ruling on a motion to seal and merely noted that the court order itself would not be filed under seal, even if it referenced sealed filings. 2024 WL 4346631 (N.D. Ill. Sept. 29, 2024).

3

In light of the sensitive nature of the requests issued in connection with investigations by the DOJ and SEC, ADM respectfully requests that Exhibits F and H and the Motion to Compel itself be permitted to be redacted to keep confidential the content of the government's requests.

***Commercially And Competitively Sensitive Information:*** ADM also respectfully requests that the Court permit Lead Plaintiff to maintain under seal Exhibits I-K and limited redacted portions of the Motion to Compel referencing their content. Exhibits I and K are internal ADM emails discussing competitively sensitive pricing information, commercial strategies, and financial forecasting. Exhibit J is an internal ADM memorandum similarly reflecting additional competitively sensitive pricing information, financial estimates, and contracting strategy. This information is of the type ADM regularly maintains as confidential, and public disclosure of this information would permit ADM's competitors to use the information for improper purposes and to gain a competitive advantage.

These are precisely the types of documents reflecting competitively sensitive information that Courts routinely allow to remain under seal. "[D]ocuments containing sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal." *Celine S.A. v. Partnerships and Unicorporate Associations Identified on Schedule "A"*, 2025 WL 712484, at *8 (N.D. Ill. Mar. 5, 2025); *see also F.T.C. v. OSF Healthcare Sys.*, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012) (granting motion to seal "contract terms, contract negotiations and strategies, and pricing information"); *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (permitting sealing of terms and conditions of contracts "that might give other firms an unearned competitive advantage" and noting that other competitively sensitive information like customer lists may be sealed); *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th

Cir. 1995) (information regarding pricing constituted trade secret material); *see also Renee Gabet, Annie Oakley Enterprises Inc. v. Amazon.com Inc.,* 2025 WL 1592996, at *2 (S.D. Ind. Mar. 14, 2025) (granting motion to seal "internal information that Amazon does not make public, such as Amazon's internal data regarding ad revenue and sales" and its "internal practices and procedures") (internal quotations omitted); *see also Hillman v. Toro Co.*, 2024 WL 4353032, at *21 (C.D. Ill. Sept. 30, 2024) (finding good cause to seal commercially sensitive internal documents reflecting competitive strategies); *see also Nordock Inc. v. Sys. Inc.*, 2012 WL 4760784, at *8 (E.D. Wis. Oct. 5, 2012) (finding good cause to seal "portions of the subject documents which contain pricing and profit information" that "a competitor could use to undercut or otherwise financially harm the subject party in the marketplace").  This very real and specific potential for competitive harm distinguishes this case from *Old River, LLC v. Autocam-Har, Inc.*, where the court held "[i]t is not enough to state that material is 'confidential' and conclude that it must be kept out of the public record."  2005 WL 8179220, at *2 n. 1 (N.D. Ill. Dec. 5, 2005).

Further, Exhibits I and K contain the names, telephone numbers, and email addresses of non-parties, who should be shielded from mention on the public docket.  *See, e.g.*, *Little*, 2006 WL 1554317, at *4; *Strait*, 2012 WL 2277903, at *4; *Shakman*, 2014 WL 711010, at *8.

## CONCLUSION

For the foregoing reasons, ADM respectfully requests that this Court grant Lead Plaintiffs' Motion for Leave to File Under Seal their unredacted Motion to Compel and Exhibits F and H-K attached thereto.

5

Date: June 20, 2025

/s/ *Tyler C. Murray*
Tyler C. Murray
**QUINN EMANUEL URQUHART
& SULLIVAN LLP**
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7418
tylermurray@quinnemanuel.com

Michael B. Carlinsky (*pro hac vice*
forthcoming)
Jesse Bernstein (admitted *pro hac vice*)
Heather Christenson (admitted *pro hac vice*)
Alex Rossmiller (admitted *pro hac vice*)
Leigha Empson (*pro hac vice* forthcoming)
**QUINN EMANUEL URQUHART
& SULLIVAN LLP**
295 Fifth Avenue
New York, NY 10016
Tel: (212) 849-7000

Paul T. Dacier (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART
& SULLIVAN LLP**
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel : (617) 712-7100
pauldacier@quinnemanuel.com

*Counsel for Defendant Archer-Daniels-
Midland Company*