# EXHIBIT 3



28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

**Meghan S. B. Oliver**
*Licensed in SC, DC, VA*
direct: 843.216.9492
moliver@motleyrice.com

May 23, 2025

**Via Email**
jessebernstein@quinnemanuel.com

Jesse Bernstein
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, New York 10016

> **Re:** ***Chow v. Archer-Daniels-Midland Company, et el.*, Case No. 1:24-cv-00634 (N.D. Ill.)**

Dear Jesse:

We write regarding ADM's continuing refusal to re-produce the documents ADM previously produced to the SEC and DOJ in response to the government's investigations, the subject matter of which overlaps Plaintiffs' allegations, as well as ADM's refusal to produce the actual document requests made by the SEC in its investigation. As we have explained, there is no categorical bar to the production of "cloned discovery," nor are such requests automatically deemed "facially overbroad." Instead, "the appropriateness of cloned discovery depends upon the circumstances" of each case, and whether there is "significant factual and legal overlap" between the litigation and the investigations. *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, 2023 WL 4181198, at *7 (N.D. Ill. June 26, 2023) (internal quotation omitted). This is the rule not just in the Northern District of Illinois, but in jurisdictions throughout the country. *Id.* (collecting cases); *see also, e.g.*, *Luxottica Grp. S.p.A. v. Yiwu Cujia Trade Co.*, 2023 WL 6520213, at *4 (N.D. Ill. Oct. 5, 2023) ("[C]ourts may permit discovery of documents in other litigation if there is 'significant and factual and legal overlap . . .'"); *In re New Century*, 2009 WL 9568860, at *5 (C.D. Cal. Jul. 8, 2009) (compelling production of documents "[b]ecause the SEC and DOJ investigations pertained to the same restatement and accounting errors that are alleged in the Complaint").

ADM's refusal to produce the requested documents is particularly unjustified in light of ADM's public statements confirming the complete or nearly complete overlap between the investigations and this lawsuit. As Plaintiffs have alleged, ADM disclosed in its 10-K filed in March 2024 that in June of 2023, it had "received a voluntary document request from the Securities and Exchange Commission (the

May 23, 2025
Page 2

SEC) relating to intersegment sales between the Company's Nutrition reporting segment and the Company's Ag Services and Oilseeds and Carbohydrate Solutions reporting segments." It also disclosed in the same 10-K that, "[f]ollowing the Company's January 21, 2024 announcement of the Investigation, the Company received voluntary document requests from the Department of Justice (the DOJ) **_focused primarily on the same subject matter_**, and the DOJ directed grand jury subpoenas to certain current and former Company employees. The Company is cooperating with the DOJ." ¶ 192 (emphasis added).

The "few examples" of SEC document requests provided in your May 16 letter do not justify ADM's position. Not only are the requests as presented not "overbroad," but they target documents that are relevant to Plaintiffs' allegations and discoverable under the Federal Rules. Additionally, your May 16 letter alters the language of the requests without explaining the alterations, and presents no instructions or definitions pertinent to the requests provided.

Your letter provides no information about whether ADM used or negotiated search terms or other culling methods in creating its responsive production of documents to the government, and/or objected to or otherwise narrowed the scope of these or any of the other requests. We therefore ask that ADM provide that information ahead of our meet-and-confer on the ESI protocol scheduled for next week.

Best,

_/s/Meghan Oliver_
Meghan Oliver