**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND CHOW, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | No. 24-cv-634 |
| v. | ) ) ) | Judge Thomas M. Durkin Magistrate Judge Keri L. Holleb Hotaling |
| ARCHER-DANIELS-MIDLAND COMPANY, et al., | ) | |
| Defendants, | | |

**ORDER**

Before the Court is Lead Plaintiffs' Motion to Compel Production of Documents Produced to SEC and DOJ (the "Motion"). [Dkt. 155.] After holding oral argument and conducting an *in camera* review of the United States Securities and Exchange Commission ("SEC") and the Department of Justice's ("DOJ") requests [Dkt. 174] and for the reasons articulated below, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

Discovery is not limitless, instead it must be relevant and proportional to the needs of a case. Fed. R. Civ. P. 26. Plaintiffs, as "the moving party, bear the initial burden of establishing the relevance of the documents they seek to compel." *Forth v. Walgreen Co.*, 2019 WL 10255628, at *5 (N.D. Ill. July 10, 2019). Plaintiffs' Motion is denied in part as Plaintiffs' request for production of *all* documents that Defendant has previously produced to the SEC and/or the DOJ as part of an ongoing investigation does not meet the relevance and proportionality standard required by the Federal Rules of Civil Procedure.

Plaintiff's demand for *all* documents that Defendant previously produced to the SEC and/or DOJ constitutes what is commonly called "cloned discovery" which courts in this district strongly disfavor. *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, 2023 WL 4181198, at *6 (N.D. Ill. June

26, 2023). The Court defines cloned discovery as "requests seeking all documents produced or received during other litigation or investigations." *Id*. (citing *In re Broiler Chicken Antitrust Litig*., 2020 WL 1046784, at *2 (N.D. Ill. Mar. 4, 2020)); *Forth*, 2019 WL 10255628, at *2 (describing Plaintiff's request for all discovery in another case as cloned discovery). Cloned discovery is often "facially overbroad." *Broiler Chicken*, 2020 WL 1046784, at *2. While there may be overlapping subject matter between different cases, there may still be a significant number of documents that would be irrelevant from one case to another case. *Outpatient*, 2023 WL 4181198, at *7. Consequently, "a party seeking documents produced in another matter ordinarily must 'do their own work and request the information they seek directly' and 'must make proper requests describing the information in which they are interested.'" *Id*. (quoting *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000)); *Forth*, 2019 WL 10255628, at *5.

Plaintiffs' Amended Complaint [Dkt. 67] and Supplement [Dkt. 105] (collectively, the "Complaint") against Defendants and the instant Motion alleges Defendants engaged in a years-long accounting fraud and specifically, that certain sales to ADM's Nutrition segment by other ADM reporting segments were falsely reported to be at fair market value, which falsely inflated ADM's operating profits, and the false reporting was a result of ineffective internal controls.[1] [Dkt. 67 at ¶¶ 53-54, 83-84, 188-191; Dkt. 155, at 2.] Concurrently with this action, Defendants have been under investigation by the SEC and the DOJ "relating to, among other things, intersegment sales between the Company's Nutrition reporting segment and the Company's Ag Services and Oilseeds and Carbohydrate Solutions reporting segments." [Dkt. 164 at Ex. 2.] As part of discovery requests and now this Motion, Plaintiffs seek all documents Defendants have produced or will produce to the SEC and/or DOJ in response to the government requests in the above-described investigations. Plaintiffs'

---

[1] Defendants allege that Plaintiff's allegations as described in the instant Motion extend beyond what is alleged in the Complaint. [Dkt. 163 at 11.] The Court does not consider it necessary to address this issue to rule on the Motion.

request for such production is precisely the type of cloned discovery this Court disfavors. Although Plaintiffs argue relevance by noting that the SEC and/or DOJ investigations prompted corrective disclosures in this case, they fail to articulate how *every single* document Defendants produced or will produce to the SEC and/or DOJ would be relevant to this matter. [Dkt. 155 at 6.] Plaintiffs have made no effort to precisely describe the information they seek from this production, instead resting their demand on the allegedly significant factual and legal overlap that exists between this case and the ongoing investigations. However, cloned discovery is not permitted in this Court even if "it is likely that a large portion of documents…are relevant, [if] Plaintiffs have not established the relevance of *all* documents." *Outpatient*, 2023 WL 4181198, at *7 (emphasis added).

Cloned discovery may be permitted in certain circumstances where Plaintiff has shown that the documents are at the core of Plaintiff's allegations and where defendants have not raised a relevance objection. *In re Broiler Chicken Antitrust Litig.*, 2017 WL 4417447, at *7 (N.D. Ill. Sept. 28, 2017) (denying motion to compel all documents defendants produced to the Florida Attorney General and all communications with that governmental entity, instead only requiring production of a limited set of documents "at the core of Plaintiffs' allegations" where "[d]efendants do not raise a relevance objection to production of these documents"); *Forth*, 2019 WL 10255628, at *5 (distinguishing its decision from the *2017 Broiler Chicken* case where "Plaintiffs were able to show that a handful of specific categories of documents…overlapped with topics in Plaintiffs' own discovery requests and went to "the core of Plaintiffs' allegations" and where "as the court noted multiple times, defendants did not dispute the relevancy of these documents.").

Plaintiffs argue that their Motion should be granted as there is significant factual and legal overlap between this action and the ongoing government investigations and that production would reduce the informational asymmetry between ADM and Plaintiffs. [Dkt. 155 at 11.] Plaintiffs rely heavily on the reasoning applied in the *2017 Broiler Chicken* case claiming that the "court compelled

the production of documents that had been produced to the Florida Attorney General." [Dkt. 155 at 12.] However, Plaintiffs fail to address two critical points from the *2017 Broiler Chicken* case. First, the Court did not compel production of *all* documents that had been produced to the Florida Attorney General and second, the Court compelled production only of documents where relevance was not at issue. *Broiler Chicken*, 2017 WL 4417447, at *7. Here, Plaintiffs have failed to pass the initial hurdle of establishing relevance.

Defendants have flagged specific examples of government requests to explain how and why all documents produced to the SEC and/or DOJ are not relevant or appropriate in this matter. One such government request was for "[a]ll communications, including but not limited to emails, chats, call logs, meeting invites, and meeting notes, between" 19 pairs of individuals between December 1, 2020 through March 31, 2021. [2] [Dkt. 163 at 8.] Plaintiffs claim that *all* of these documents would be relevant because the named individuals "appear to be current or former C-Suite executives, executives in the Nutrition segment or Ag Services and Oilseeds segment, and the Corporate Controller, all of whom are likely to have information relevant to Plaintiffs' claims" and argue that such a request should not be construed as burdensome given that it relates to a four-month period during the Class Period. [Dkt. 155 at 6.] While the Court agrees that communications between these individuals related to the subject matter of this litigation may be relevant, the Court cannot fathom how every single communication would be relevant. In these circumstances, the courts have generally limited discovery to relevant communication identified by search parameters, which the Court understands Defendants here have offered to do for several months. [Dkt. 155 at 1; Dkt. 163 at 5-6, 14]. *Fona Int'l., Inc. v. Roddy*, 2021 WL 5352611, at *5 (N.D. Ill. Jan. 19, 2021) (denying a motion to compel all

---

[2] Defendants also provide examples relating to government requests for calendar invites and call logs, accounting memoranda, and documents regarding energy hedging. The Court does not delve into each of these examples given that the Court agrees with Defendants that Plaintiffs have not met the bar for relevance in even this first example. [Dkt. 163 at 8-10.]

4

communications referencing defendant's names regardless of subject matter as the request is potentially overbroad; noting that the requests may be appropriate if they are "more finely tuned and focused either by particular custodians or subjects"). Additionally, the Court's *in camera* review of the government's requests confirms for the Court that the government has several additional requests similar to the one discussed above where Defendant would be forced to produce irrelevant documents if the instant Motion were granted.

Plaintiffs' argument that production here will "yield great efficiencies" is not persuasive as Plaintiffs cannot disregard the Federal Rules of Civil Procedure in the name of efficiency. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) ("[I]t would almost always be more efficient for a defendant to "open up [its] document repositories for the opposing side to rifle through[.] But such a practice would expand the scope of discovery beyond that allowed by the Federal Rules."). Additionally, Plaintiffs improperly continue to fall back on a lack of burden argument. However, burden is only addressed once relevance has been established and the Court does not believe the Plaintiffs have been able to establish relevance for all documents sought. *Outpatient*, 2023 WL 4181198, at *7 ("Plaintiffs have not established the relevance of all documents and thus, the Court need not reach SCA's burden argument."); *Forth*, 2019 WL 10255628, at *6 ("Without the predicate showing of relevancy, there is no need for this Court to undertake a balancing of benefit and burden, including an assessment of proportionality.").

The Court does not dispute that a significant portion of the documents Defendants produced to the SEC and/or DOJ may be relevant to merits of this case. Accordingly, the relief this Court extends is an order for the parties to meet and confer to negotiate search terms that should be used to identify responsive documents from the Defendant's production to the SEC and/or DOJ that Defendants should produce in this matter. The parties are ordered to negotiate search terms by

October 31, 2025 and Defendants are ordered to begin producing responsive documents by November 14, 2025.

**ENTERED: October 17, 2025**

_____
Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge