**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND CHOW, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 24-cv-634 |
| v. | ) ) ) | District Judge Thomas M. Durkin Magistrate Judge Keri L. Holleb Hotaling |
| ARCHER-DANIELS-MIDLAND COMPANY, et al., | ) ) ) ) | |
| Defendants, | ) ) | |

## ORDER

Before the Court are (1) Lead Plaintiffs' Motions for Leave to File under Seal (the "Plaintiffs' Motions") [Dkts. 156, 168], (2) Defendant ADM's "Supplemental Memorandum of Law in Support of Lead Plaintiffs' Motion for Leave to File under Seal their Motion to Compel and Certain Exhibits Attached thereto" (the "Supplement") [Dkt. 158], and (3) Defendant "ADM's Unopposed Motion for Leave to File under Seal its Opposition to Plaintiffs' Motion to Compel" (the "Defendant's Motion" and, together with Plaintiffs' Motions, the "Motions") [Dkt. 165]. For the reasons articulated below, Plaintiffs' Motions [Dkts. 156, 168] and Defendant's Motion [Dkt. 165] are **GRANTED**.

On May 23, 2025, the Court entered an Agreed Confidentiality and Rule 502(d) Order (the "Confidentiality Order") [Dkt. 130] which permits a party or non-party producing discovery to designate such discovery as "confidential" if the producing party believes, in good faith, that the production would fall into one or more of the following categories:

(a) information protected from disclosure by statute; (b) information that reveals trade secrets; (c) competitively or commercially sensitive research, technical, business, commercial, or financial information or communications that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identifying information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential.

[Dkt. 130, at 2.]

1

Consistent with the Confidentiality Order, Defendants produced discovery and identified sections of such discovery as "CONFIDENTIAL under the terms of the forthcoming confidentiality order." [Dkt. 156, at 1-2; Dkt. 168 at 1-2.] Plaintiffs included some of these documents identified as "confidential" in their "Motion to Compel the Production of Documents Produced to the SEC and DOJ" (the "Motion to Compel") and corresponding Reply in Support of the Motion to Compel (the "Reply").[1] [Dkt. 155 (sealed); Dkt. 170 (sealed).] Similarly, Defendants reference such confidential discovery in their "Opposition to Plaintiffs' Motion to Compel Production of Documents Produced to SEC and DOJ" (the "Opposition to Plaintiffs' Motion to Compel"). [Dkt. 163 (sealed).]

In particular, Defendants articulated that sections of Exhibits F and H of Plaintiffs' Motion to Compel "reveal specific government requests for production issued in connection with ongoing investigations by the DOJ and SEC", Exhibits I and K are "internal ADM emails discussing competitively sensitive pricing information, commercial strategies, and financial forecasting", and Exhibit J is an "internal ADM memorandum similarly reflecting additional competitively sensitive pricing information, financial estimates, and contract strategy." [Dkt. 158 at 2, 4.] Defendants argue that sections of their Opposition to Plaintiffs' Motion to Compel [Dkt. 163 (sealed)] contains "sensitive information regarding ongoing governmental investigations[.]" [Dkt. 165 at 1.] Plaintiffs note that Exhibits N, O, P, R, U, and V of Plaintiffs' Reply have been identified by Defendants as "internal ADM documents regarding the transfer price of products between ADM's reporting segments" and Exhibits Q, S, and T have been identified by Defendants as "internal ADM documents regarding the accounting treatment for an ADM program involving Nutrition and ADM's other reporting segments." [Dkt. 168 at 2.] In compliance with Local Rule 26.2, Plaintiffs and Defendants have submitted the instant Motions.

While the public has "an interest in what goes on at all stages of a judicial proceeding…[t]hat interest does not always trump the property and privacy interest of the litigants" and such interest can be overridden "only if there is good cause for sealing a part or the whole of the record in that case." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citing *American Tel. & Tel. Co. v. Grady,* 594 F. 2d 594, 596 (7th Cir. 1978)). Upon review of the redacted sections of Plaintiffs' Motion to Compel, Plaintiffs' Reply, the exhibits noted above, and Defendants' Opposition to Plaintiffs' Motion to Compel, the Court finds Defendants' arguments in the Supplement to be persuasive. For the reasons argued in the Supplement, the Court finds good cause to grant the Motions for leave to file under seal, which the Court notes have already been filed under seal. The Court further clarifies that these Motions are granted, in part, to allow the Court to review the sealed versions of the filings and to allow the Court to rule on the Motion to Compel [Dkt. 155 (sealed)] as it has done in its Order [Dkt. 178].

---

[1] The Court notes that Plaintiffs included (1) sections of documents identified by Defendants as "confidential" in the text of their Motion to Compel and corresponding Reply and (2) documents identified by Defendants as "confidential" in their entirety as Exhibits to the Motion to Compel and corresponding Reply.

To be clear, nothing in this Order should encourage parties in this case to file future court documents under seal, particularly in light of the rulings in, among other cases, *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000) (strongly rebuking district courts for broadly allowing parties to file documents under seal) and *Howe v. Speedway LLC*, No. 19-cv-1374, 2024 WL 4346631 (N.D. Ill. Sept. 29, 2024) (citing *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546-47 (7th Cir. 2002); *Leavell*, 220 F.3d at 567-68)); s*ee also, Old River, LLC v. Autocam-Har, Inc.,* No. 05-cv-1051, 2005 WL 8179220, at \*2 n. 1 (N.D. Ill. Dec. 5, 2005) ("It is not enough to state that material is 'confidential' and conclude that it must be kept out of the public record.").

**ENTERED: October 24, 2025**

_____
      Hon. Keri L. Holleb Hotaling,
      United States Magistrate Judge

3