IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAYMOND CHOW, *et al*.,                ) Case No. 24 C 00634
                                       )
        Plaintiffs,                    )
                                       )
        v.                             )
                                       )
ARCHER-DANIELS-MIDLAND COMPANY,        )
*et al*.,                              ) Chicago, Illinois
                                       ) January 8, 2026
        Defendants.                    ) 11:36 a.m.

TRANSCRIPT OF PROCEEDINGS - STATUS
BEFORE THE HONORABLE KERI L. HOLLEB HOTALING, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:      MOTLEY RICE LLC
                         BY:   MS. MEGHAN S. B. OLIVER
                         28 Bridgeside Boulevard
                         Mt. Pleasant, South Carolina 29464


For the Plaintiffs:      ROBBINS GELLER RUDMAN & DOWD
                         BY:   MR. FRANK A. RICHTER
                         200 S. Wacker Drive, 31st Floor
                         Chicago, Illinois 60606


For the Defendants:      QUINN EMANUEL URQUHART & SULLIVAN LLP
                         BY:   MR. TYLER C. MURRAY
                         191 N. Wacker Drive, Suite 2700
                         Chicago, Illinois 60606


For the Defendants:      QUINN EMANUEL URQUHART & SULLIVAN LLP
                         BY:   MS. LEIGHA EMPSON
                         295 Fifth Avenue
                         New York, New York 10016

FAILURE TO SPEAK DIRECTLY INTO MICROPHONE
RESULTS IN INAUDIBLE PROCEEDINGS AS NOTED.

Transcriber:           KRISTEN J. CARANNANTE, RPR, RMR, FCRR
Court Reporter
10 Montgomery Place, #1D
Brooklyn, New York 11215
848.459.3124
kjcarannante@gmail.com

\* \* \* \* \*

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE CLERK:   24CV634, Chow v. Archer-Daniels-Midland Company, *et al.*

THE COURT:   Hi.  Good morning.  Could I please have appearances for the record.

MR. MURRAY:   Judge, do you prefer we stay seated or --

THE COURT:   That's fine.  Just definitely speak into the mic just so we can get a recording.  That's the key.

MR. MURRAY:   So good morning, your Honor.  Tyler Murray and Leigha Empson, on behalf of the Archer-Daniels-Midland Company, that's T-Y-L-E-R M-U-R-R-A-Y and L-E-I-G-H-A E-M-P-S-O-N.

THE COURT:   Good morning.

MS. OLIVER:   Meghan Oliver, with Motley Rice, for the plaintiffs, and with me I have Frank Richter, with Robbins Geller Rudman & Dowd.

THE COURT:   Okay.  All right.  Well, good morning.

I know we had set this a while back.  I had had everybody in, and we were going through some discovery-related issues.  And I know the parties have been doing a lot of meeting and conferring at the Court's urging.

And the last I saw——and correct me if I am wrong, but I want through the docket yesterday——the parties had come to an agreement as to the TAR protocol, I saw that, in early December.  So I am pleased that you guys all did that.

4

And so I thought today I would love to get an update kind of on where we are. I know that I wanted to see how the production was proceeding, because I had a substantial completion date, I think, of February 5, I believe, was what I had in my last docket, at 185, when we had all met in person before. So I would love to know if we are on track and just to get an update. But I appreciate parties doing that hard work and I know you had to meet a lot to get there. But I would love an update.

MR. MURRAY: Certainly, Judge. And generally speaking, you have very much up to speed.

THE COURT: Good.

MR. MURRAY: And I am pleased to report that we expect to meet that substantial completion deadline with respect to the government production that the TAR protocol is being applied to.

THE COURT: Okay.

MR. MURRAY: We are hustling. We are adding more members to the team to make sure we meet that deadline.

THE COURT: Okay. All right. So the production has started, then. Is it underway? Is it rolling? Where are we?

MR. MURRAY: We have been producing documents on a rolling basis.

THE COURT: Okay.

MR. MURRAY: All documents that have been human

reviewed and subject to the TAR protocol.

THE COURT: Okay.

MR. MURRAY: And that substantial completion date, of course, is coming up fast.

THE COURT: Yes.

MR. MURRAY: It is February 5. And we expect to meet it.

THE COURT: Okay. Great.

MS. OLIVER: We will meet it on our end, as well.

THE COURT: Okay.

MS. OLIVER: But as far as discovery from ADM and the individual defendants, there is still quite a bit to do, and I am hopeful the pace of the productions and negotiations has picked up over the past month or two. I am hopeful that continues. We may be back to you with specific asks if it does not, if it slips off the gas. I hope it doesn't --

THE COURT: Yes.

MS. OLIVER: -- and that it will not. But I think we do need to address the fact that the substantial completion deadline is probably not going to work for the entirety of the document production.

THE COURT: Okay.

MR. MURRAY: So --

THE COURT: Okay. Why is that?

MR. MURRAY: Happy to address that, Judge.

THE COURT: Okay.

MR. MURRAY: So while we believe that the government production will constitute the majority, and likely vast majority, of discovery in the case, we are also in agreement that there are some discoverable materials beyond the government production.

THE COURT: Okay.

MR. MURRAY: So with respect to that, what I will call extra discovery——and it's not a value judgment on that, it's just the stuff that is not the government production --

THE COURT: Right.

MR. MURRAY: -- with respect to that discovery, we have been actively negotiating, meeting and conferring, to try and come to common ground on both content and scope, and that remains ongoing.

THE COURT: Okay.

MR. MURRAY: Like I said, we are making progress. We have mother meet-and-confer scheduled for next week. We are trading e-mails between those meet-and-confers --

THE COURT: Okay.

MR. MURRAY: -- and we are trying to get to a place where we have an understanding of what that scope and content will be.

So I think what we are jointly requesting is --

THE COURT: Okay.

MR. MURRAY: -- a substantial completion date as to the nongovernment discovery that is a bit out from the current February 5 date.

THE COURT: Okay.

MS. OLIVER: That's --

MR. MURRAY: How far out --

MS. OLIVER: We do not have enough information to know that right now and we have specific asks in to ADM. We are awaiting on that information. We have been assured that it is in progress and we should be getting it shortly. And once we have that information, then I believe we should be in a position to have informed discussions with ADM about the scope of the remaining document production.

THE COURT: Okay. When I addressed this motion back in I think it was November, right, that only -- correct me if I am wrong, because now I am just going off my memory and my notes I'm looking at from that date. Was that only about the government documents? Right, the one that is had previously been produced to the document but now we are obviously --

MR. MURRAY: Yes, Judge.

THE COURT: -- producing. Okay. That's what I thought.

MR. MURRAY: That was the --

THE COURT: Okay.

MR. MURRAY: -- subject of a motion to compel.

THE COURT: Yes. That's what I thought.

MR. MURRAY: And I believe that we -- maybe "acknowledge" is the right word, maybe it isn't, but agree that there are some documents and some discovery that is appropriate and discoverable beyond that government production --

THE COURT: Okay.

MR. MURRAY: -- and that is what we are trying to sort out.

THE COURT: Okay. But, in terms of the date I set, this February 5 date, that was for substantial completion of that government production to plaintiffs. Correct? I mean that's what it was, I thought, because it related specifically to the motion to compel. Right? That's what -- I will go back and look at it. Or no? Was it broader?

MS. OLIVER: I don't know that we all share a clear understanding of what exactly it was.

THE COURT: Okay.

MS. OLIVER: I know that, speaking for plaintiffs --

THE COURT: Yes.

MS. OLIVER: -- we had been interpreting that as overall substantial completion --

THE COURT: Okay.

MS. OLIVER: -- and as binding on us, as well --

THE COURT: Okay.

MS. OLIVER: -- for our productions.

THE COURT: Right.

MS. OLIVER: But I --

THE COURT: Okay. Kelly, can you just pull me the language from that order?

Because, one, I like the way it is going. I like it that you guys are actually working together, that we got a protocol in place, and that this production is, you know, ongoing. And it sounds like at least the government documents are going to be substantially complete by the date which the Court had previously set up when I addressed the motion to compel.

MR. MURRAY: And we expect --

THE COURT: That is good.

MR. MURRAY: -- that is going to be the vast majority of discovery --

THE COURT: And I do, too, right, because that sounded like, if I recall, it was a lot of documents at the time. I mean, I remember that it was a large quantity of documents we thought we would be dealing with. Like, how many have been produced? Like, I have no sense of what's been produced or where we are with that.

MR. MURRAY: So we are at about 400,000 pages of documents.

THE COURT: Okay.

MS. OLIVER: Which is less than 50,000 documents. And

I think that it has been only recently that we have learned that there are shortfalls as far as time period for the government production that we did not previously understand. So we just learned, I can't remember whether it was the first week of January or the end of December, that documents were not collected from the individual defendants to cover the entire class period as far as those from which the government production was taken.

So as far as we are aware, standing here today, they haven't even collected documents from the individual defendants to cover the class period, let alone -- and we have -- one of the things that we have negotiated and agreed on is the cutoff for document production, the date that we would use. And they haven't gotten to the end of the class period and they haven't gotten to that date either. So that is -- it is not just discrete topics and it's not discrete so-called go-gets. I think there are broader holes that need to be addressed. But, again, we are hopeful that we will be able to do that cooperatively over the coming month, month or two.

THE COURT: Okay.

Kelly, do you have that order up?

THE CLERK: Our prior order?

THE COURT: Yes, about the substantial completion date (indiscernible).

THE CLERK: Yes. Just that "defendant also presented

the Court with an unopposed oral motion to extend the current December 3, 2025 deadline for substantially producing all documents. As stated on the record, the Court grants defendant's oral motion and sets the deadline for responses to requests for production of documents to be substantially completed by February 5, 2026."

THE COURT:   Okay.  So it is broader than the government production.  It was brought by you guys.  So I think it related to their production.

So I guess what I want to -- where are we, Kelly, on our fact discovery cutoff?  I just want to make sure we are staying like -- pull that up for me.

MS. OLIVER:   I believe it is June 15, 2026.

THE COURT:   Okay.  Right.  And I assume we are going to have, obviously, oral discovery that is going to take some time in this case.

MS. OLIVER:   I would think so.

THE COURT:   So I just want to keep us on track. Right?  Like I said, I am pleased that you guys are moving in the right direction, that stuff is moving and going, and I appreciate that.

So what I think we should do is I think we should set another status update.  Right?  If there are -- I understand there are these other documents.  Everybody is in agreement there are going to be other documents apart from this

production to you all of this subset or whatever amount of this government prior production. Right? I get that. It's a specific case. It's not the government's case. So, but what I want to know is kind of where we really are. Right? If there is going to have to be a motion, if there is any fight over what these other documents are, I have nothing about that, right, before me, you know, today, just kind of an update.

MR. MURRAY: So we are trying to --

THE COURT: It sounds like you are trying to work it out --

MR. MURRAY: -- work it out.

THE COURT: -- which I want you --

MS. OLIVER: We are --

THE COURT: -- to work it out, obviously, but I want to make sure we stay on track, too.

MS. OLIVER: Judge, we need information --

THE COURT: Yes.

MS. OLIVER: -- and we have been trying hard to get it. And they have been working with us to give us that information. It will come as no surprise to you to learn that it is not coming as fast as we might like it to come, but it is coming. And I don't think -- I really -- standing here today, I have no idea what they intend to do as far as these additional documents, what they even think the scope of the remaining discovery looks like. And so I don't want -- I don't

want to be coming back to you with *seriatim* requests to push the deadline. So -- and I also -- we are already in a situation where we did not kick the end of fact discovery, so we already squeezed ourselves as far as depositions, and we prefer not to do that again. So if you can give us a couple of weeks to hopefully get some information from ADM so that we can have informed discussions with them about the scope of the remaining discovery, I think that might be the most efficient way forward.

THE COURT: Yes. Okay. Because that's what I want to know. If there is additional -- like, if we have to move any dates, if there is going to be any additional motion practice whatsoever about this other discovery, like, I want to have that all really before me so that I could address it in a hearing like this with you all. Because right now there is nothing. There is just like, oh, we will get an update, we will hear where we are, and that's it.

MR. MURRAY: Just to give you just a bit of a sense of the history here, back when your Honor heard the motion to compel, our thinking at the time was the government production would be most of the discovery here. As you just recognized, it is not a prosecution.

THE COURT: Right.

MR. MURRAY: It is a (indiscernible) case.

THE COURT: Different case.

MR. MURRAY: So, of course, there are going to be some other documents.

Now, we thought that that would be pretty narrow, some discrete requests that we would address. We now have some broader requests. We are discussing those. And we hope that we will be able to reach common ground and won't be back before you either advancing or responding to a motion to compel. So I --

THE COURT: I still think it might make sense——and tell me if you don't agree——for us all to come together again maybe, I'm thinking, in about a month after we get through that substantial completion date, maybe a week or two after that, so you could all inform me as to where we really stand and is there anything else that I would need to address.

MS. OLIVER: I think these have been very helpful as far as continuing to --

THE COURT: I agree.

MS. OLIVER: -- get the ball down the field.

THE COURT: And then what I would like, though, is to have any motion, right, that I need to address. Even here, I am thinking maybe a written update from the parties. It can be joint. It could be -- if there is a motion I need to address, obviously that's not joint, but that be filed at least seven days prior to when we all meet together next to see where we go, right? Because I just want to make sure we keep advancing

the ball. I don't want everybody to be so jammed up that the discovery, especially the oral portion of the fact discovery schedule, becomes impossible either. So I just want to make sure we get the documentary stuff kind of done and wrapped up as soon as we can for you all, which I get it, it's a lot of work, and this is not a low quantity of documents. I understand that, too. So I know we are coming off the holidays. I get it. You know, I was in practice doing very large cases myself for 20 years. I understand how this works. So I want to be realistic, too, but I want to keep us on track basically.

So why don't we meet together, I am thinking, @Rosa, about -- I'm thinking maybe a little over a month from now, right. Because, like I said, I want something a week in advance, either an update from you all that could just be, yeah, Judge, here's where we are, a written update, so I kind of know what to expect or a motion if we need to address anything in terms of a motion practice. So what date would that be, Rosa, about 40 days from now?

THE CLERK: How about, Wednesday, the 18th of February, at 10:00?

MR. MURRAY: That works on our end, Judge.

MS. OLIVER: That's fine on our end, as well.

THE COURT: Okay. And so about a week prior to that, like I said, any motion that I would need to address or I hope

not, maybe just a short written update kind of as to where things stand and teeing up any issues that you would like to talk with me about at that status. Okay?

MR. MURRAY: Great.

THE COURT: Does that sound good?

MR. MURRAY: It does.

MS. OLIVER: It does.

THE COURT: Okay. Good.

Well, thank you. I know, like I said, it sounds like there has been a lot of work that has been occurring. I hope we continue to --

MS. OLIVER: Sorry. Just to clarify, Judge --

THE COURT: Yes.

MS. OLIVER: -- are we still planning to do a joint status report a couple of weeks from today --

THE COURT: We should strike --

MS. OLIVER: -- to work on a substantial completion deadline or are we --

THE COURT: I think we strike that and we just address this like what I just ordered basically.

MS. OLIVER: Okay.

THE COURT: Okay?

MS. OLIVER: Okay.

THE COURT: All right. Thank you.

MR. MURRAY: Thank you.

THE COURT:    Thank you so much.

MR. MURRAY:    Appreciate it.

THE COURT:    No problem.

(Concluded at 11:51 a.m.)

* * * * *

I certify that the foregoing is a correct transcript of the digital recording of proceedings in the above-entitled matter to the best of my ability, given the limitations of using a digital recording system.


*/s/ Kristen J. Carannante*
January 9, 2026
Kristen J. Carannante, RPR, RMR, FCRR
Court Reporter/Transcriber